BAILEY vs. POWELL, ET AL.

## ERROR to St. Louis Court of Common Pleas.

CROCKETT & BRIGGS, *for Plaintiff.*

1. The covenant in this case was several and not joint, if the facts averred in the declaration are true as they must be taken to be, on demurrer, and where, from the subject matter of the covenant it is the evident intent of the parties that they should be taken distributively, they will be so considered, although the form of the covenant be joint.   Ludlow vs. McRea, 1 Wend., 228; 1 John. cases, 319; 3 Fairf., 65, 67.

2. If the interest and cause of action be several, the covenant shall be taken to be several, though the words of the covenant be joint.   Thomas vs. Pyke, 4 Bibb., 420; Trustees, &c., vs. Letcher, 1 Mon., 13; 1 Chitty's Plead., 7; 1 Saund., 154, note 1.

GAMBLE & BATES, *for Defendants.*

1. In all cases at law, the action must be brought by the party legally entitled, against the party legally liable.   4 Chit. Plead.   The very first principle laid down in the book.   1 Mo. R., 510.   Bailey vs. Thornhill, 5 Mo. R., 198; Pratt vs. Pratt's Adm'r., 9 Mo. R.; Wells vs. Gaty, *et al.*

2. The bond is made to two, apparently to receive a joint interest.   If they had a joint interest, certainly it would be secured by the bond.   But if they had separate interests, although they might be equally secured by the bond, still they could not split up the defendant's joint contract so as to harrass them with as many suits as there might happen to be interests involved.   Shankland vs. Washington City, 5 Pet. R.

3. The breaches are badly assigned in both counts.   The condition of the bond is that Powell, Barlow & Co., shall "pay to John Maguire and William Bailey all damages which shall be occasioned *to them*, by reason of granting the injunction."

The plaintiff, Bailey, avers that *he* sustained damage to the amount of $5,000; and the only breach assigned (though a little varied in phrase) is that P. B. & Co. did not pay *to the plaintiff* "the said sum of $5,000, or any part thereof."   By the terms of the bond, P. B. & Co. and their securities bound themselves to pay to *Maguire & Bailey* the sum of $2,000, on a certain condition. By the terms of the condition they did bind themselves to pay to *Bailey alone*, any sum, on any contingency.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of debt by the plaintiff in error against the defendant in error.   The declaration contained two counts, each of which was demurred to, and the demurrer was sustained.   The ground of the demurrer was that the suit was brought by only one of the obligees of the bond, when it should have been in the name of both.   As the point raised by

the demurrer arises on both counts, one of them will be set out, that this matter may be plain :

"William Bailey, plaintiff, complains of Joseph Powell, Nelson Barlow, Edward Holden, John Simonds and Lyman Farwell, defendants, of a plea that they render unto him the sum of two thousand dollars, which to him they owe and unjustly detain. For that, whereas, heretofore, to-wit, on the second day of May, in the year eighteen hundred and forty-five, at said county, the said defendants by their certain writing obligatory of that date, sealed with their seal and here now shown to the court, acknowledged themselves to be held and firmly bound unto the said plaintiff and one John Maguire in the sum of two thousand dollars good and lawful money well and truly to be paid, for the payment whereof the said defendants bound themselves, their heirs, &c., jointly and severally, firmly by the said writing obligatory, which said writing obligatory was and is subject to a condition thereunder written to the effect that whereas the said Powell, Barlow and Holden, had obtained from the Circuit Court of the United States for the District of Missouri, a writ of injunction to restrain the said John Maguire and William Bailey their agents, servants and confederates, from using within the State of Missouri, any machine for the planing, tongueing and grooving of boards, planks or other materials constructed upon the plan as embraced by the patent originally granted to William Woodworth, and as the same is embraced by the renewal of the said patent upon the application of William W. Woodworth administrator of William Woodworth, deceased. Now the condition of the said obligation was such that if the said Powell, Barlow and Holden, should well and truly pay to the said John Maguire and William Bailey all damages which should be occasioned to them by reason of granting the said injunction, then the said obligation to be void, else to remain in full force. And the plaintiff avers that thereupon such proceedings were had in the said suit wherein the said injunction was obtained, to-wit, the chancery suit then pending in the Circuit Court of the United States for the District of Missouri, wherein the said Powell, Barlow and Holden were complainants and the said Maguire and Bailey were defendants, that afterwards, to-wit, on the twenty-seventh day of April, in the year eighteen hundred and forty-six, at the April term of the said Circuit Court in the year last aforesaid, by the order and decree of the said Circuit Court, the said bill of complaint of the said Powell, Barlow and Holden against the said Maguire and Bailey was dismissed and the said injunction dissolved. And the said plaintiff avers that at the time of the granting of the said writ of injunction and the issuance thereof, he the

27

said plaintiff was using in the county of St. Louis and within the State of Missouri, a machine for planing, tongueing and grooving of planks and boards, constructed upon the plan as embraced by the patent originally granted to William Woodworth, and as the same is embraced in the renewal of said patent upon the application of William W. Woodworth administrator of William Woodworth, deceased, and the plaintiff further avers that the said machine belonged exclusively to him the said plaintiff and he was using the same for his own exclusive profit and at his own risk at the time of the granting of the said injunction; the said Maguire at the time aforesaid having no interest in the said machine, nor being entitled to any of the profits thereof, and that by reason of the granting of the said injunction, he the said plaintiff was prevented from using the said machine for a long space of time, to-wit, from the second day of May in the year eighteen hundred and forty-five, until the first day of July eighteen hundred and forty-six, whereby he sustained damage to the amount of five thousand dollars and was thereby deprived of large gains and profits which he would otherwise have made by the use of the said machine, amounting to the sum of five thousand dollars, wherefore the plaintiff saith that damages to the amount of five thousand dollars have been occasioned to him by reason of the granting of the said injunction. Nevertheless, the said Powell, Barlow and Holden have not, nor has either of them, as yet paid to the said plaintiff the said sum of five thousand dollars or any part thereof. By means whereof, the said condition is broken and hath become forfeited, whereby an action hath accrued to the said plaintiff to have, and demand of and from the said defendants the said sum of two thousand dollars mentioned in the said writing obligatory. Yet, the said defendants, although often requested, have not, nor has either of them, as yet, paid to the said plaintiff the said sum of two thousand dollars or any part thereof, but to pay the same or any part thereof, the said defendants have as yet, failed and refused."

It is difficult to conceive a ground upon which this count can be sustained. There is no doubt of the general principle, that though a covenant be made with two or more jointly, yet if the interest and the cause of action of the covenantees be several and not joint, the covenant will be taken to be several, and each of the covenantees may bring an action in his own name for his particular damage, notwithstanding the words of the covenant are joint. 1 Saunders, 154. Of course this principle is only applicable when the contract shows on its face, that in its nature it is several. It is said the declaration avers that Bailey alone had an inter-

est in the bond, and the demurrer admitting the truth of the declaration it must be overruled: But a demurrer only admits that which is properly pleaded. On what principle can averments in pleading be made, which contradict or vary a sealed instrument which is the foundation of the suit ? The bond is payable to Bailey and Maguire, and it is recited in the condition that they were restrained in the use of their patent. If a man sells a horse of which he is the sole owner and takes a bond for the purchase money payable to himself and another, on what principle could he bring a suit on that bond in his own name only, averring in his declaration that the other obligee had no interest in the horse, the price of which was the consideration of the bond. This is precisely that case. Even a bond payable to A or B cannot be sued on by one of the obligees. Bailey vs. Thornhill, 1 Mo. R., 510. The bond in the case of Blakey vs. Blakey, 2 Dana, 560, cited by the plaintiff, is not set forth in the report of the case, and its terms do not appear. If that case maintains that a bond can be varied by parol averments in the declaration, it is clearly not law, and the reason given in the conclusion of the opinion why a joint action should not be maintained is not a sound one, as it clearly overlooks that control of parties to a suit and its process, which every court possesses.

The other Judges concurring, the judgment will be affirmed.