HENRY C. GEORGE, Administrator of Estate of
ANDREW P. GEORGE, v. QUINCY, OMAHA &
KANSAS CITY RAILROAD COMPANY, Plain-
tiff in Error.

**Division One, March 28, 1913.**

**APPELLATE JURISDICTION: Suit Based on Statute: Constitu-
tionality.** Where the vital point in plaintiff's petition for
damages for personal injuries is based on the statute, and
plaintiff's right to recover does not raise a construction of the
statute that involves its constitutionality, it is defendant's duty,
if it wishes to rely upon the unconstitutionality of the statute,
to raise the point in its answer; and if it fails to do that, it is
too late to inject a constitutional question into the case by in-
structions and the motion for a new trial; and if the suit pro-
ceeds to a verdict for plaintiff for $3000, the Court of Appeals
has jurisdiction of the defendant's writ of error.

Appeal from Adair Circuit Court.—*Hon. Nat M.
Shelton*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*J. G. Trimble* and *Campbell & Ellison* for plain-
tiff in error.

*C. E. Murrell* and *Fogle & Fogle* for defendant in
error.

GRAVES, J.—This cause reaches us by our writ
of error to the circuit court of Adair county. Andrew
P. George, a brakeman in defendant's employ was run
over and killed by a train of the defendant. At the
time he was attempting to couple cars in this train,
which was doing some switching near the depot in
Kirksville, Missouri. His foot was caught in an un-
blocked frog and in this position he was run over and
killed. With the view we have on the question of ju-
risdiction but few facts need to be stated. Verdict
and judgment was in the sum of $3000. From the

amount it is clear that we have no jurisdiction. Our jurisdiction is dependent upon an alleged constitutional question. If such question was timely and properly raised, the jurisdiction would be here rather than elsewhere. This calls for a little fuller statement.

Plaintiff's petition is in two counts. By one the action is squarely planted under our statutes as to blocking the frogs of switches. By the other we have a common law count of an unsafe place in which to work. This latter count was dismissed and the case submitted on the statutory count.

Going to that the plaintiff in error has thus stated its case: "Deceased was a brakeman working for defendant on November 7, 1907, at the time of his death. The petition charged that his death was caused by his foot getting caught in an unblocked frog 'in defendant's yards and where the trains were made up in the city of Kirksville, Missouri,' and by the train of defendant while he was engaged in an attempt to couple a car therein, and while such train was being made up, running over, crushing and immediately killing him while his foot was so caught and held in said unblocked frog.

"This suit is based upon sections 3163 and 3164 of the Revised Statutes of Missouri.

"Defendant in an amended answer pleaded a general denial and the following two defenses: (1) That the frog in controversy was in a track recently laid before the accident to deceased, and was still in process of construction, and defendant had been unable to surface and ballast the track and block the frog. (2) That deceased caused his death by his own carelessness and negligence.

"On plaintiff's motion, the court struck out these special defenses and during the same term of court the case went on to trial."

By this it appears that the defendant clearly admits that one count of the petition was based upon our

statutes.   By this statement from counsel, and it is fortified by the record, it clearly appears that the answer did not raise a constitutional question.   No question is raised in the answer which could not be heard and determined by the Court of Appeals.   Such is shown by defendant's own analysis of its answer.   The answer comports with the analysis.   Later, it is true that, by instructions and motion for new trial, an attempt, in general terms, is made to inject the question that our statutes are unconstitutional.   It is also seriously urged that the statutes do not apply to the facts of this case, but that can be determined by the Court of Appeals.   The question here is, have we jurisdiction?

It is conceded by the plaintiff in error that the vital count of the petition was based upon our statutes. If this be true, as it is, then the railway company should have raised the constitutional question at the first opporunity.   Such is the case law in Missouri, and it is founded in reason.   If a law is plainly relied upon by the plaintiff, as here, and defendant desires to challenge that law upon constitutional grounds, it should be done at the earliest practical moment, and in addition, a finger should be placed upon the provisions of the Constitution violated.   This has been so long and well ruled that the mere mention of the ruling should suffice.   But we will again cite a few of the cases:  Lohmeyer v. Cordage Co., 214 Mo. l. c. 687; Hartzler v. Railroad, 218 Mo. l. c. 564; Dahnke-Walker Milling Co. v. Blake, 242 Mo. 23.

Now in this case it is conceded that the vital count of plaintiff's petition was based upon our statutes. With such concession it became the duty of the railway company to raise the question of unconstitutionality in the answer.   This was not done.   It should be remembered that this is not a case where the construction of the statute gives rise to the unconstitutionality thereof, but a case where the statute is relied upon as

the basis of the action, and the defendant fails in his answer to plead that such statute is unconstitutional. Under the facts the constitutional question was not timely raised and the jurisdiction of this appeal is in the Kansas City Court of Appeals.

The cause is therefore transferred to that court. All concur.