THE STATE ex rel. FRANKLIN COUNTY, Appellant, v. TIBBE ELECTRIC COMPANY.

**Division One, May 31, 1913.**

1. **PETITION: Cause of Action: Defaulting Corporation.** A petition, in a suit brought by the State in the name of the county, charging, in the language of the statute, that defendant is a corporation and has failed to make a report to the Secretary of State, showing the location of its principal office, the name of its president and secretary, the amount of its capital stock, both subscribed and unpaid, its par value, the cost value of its property on the first day of June immediately preceding, and the amount of taxes it has paid within the last year, states a good cause of action for a judgment against defendant asking for the penalty fixed by the statute.

2. **CORPORATION: Annual Report to Secretary of State: Constitutional Statute: Not Properly Raised.** A demurrer that points to no provision of the Constitution which it is alleged the statutes under which defendant is being prosecuted violate, does not raise any constitutional question. A demurrer that states the petition is founded solely upon certain sections of the statutes and that "said sections are in violation of the Constitution of the State of Missouri and null and void, and therefore that said petition does not state facts sufficient to constitute a cause of action," does not sufficiently raise the constitutionality of the statutes named, and, therefore, the court erred in sustaining said demurrer.

Appeal from Franklin Circuit Court.—*Hon. R. Steele Ryors,* Judge.

REVERSED AND REMANDED.

*John T. Barker,* Attorney-General, and *William M. Fitch,* Assistant Attorney-General, for appellant.

(1) The petition follows the language of the statute, and is sufficient in form. Sec. 1013, R. S. 1899; sec. 3026, R. S. 1909; State ex rel. v. Land Co., 97 Mo. App. 226; Sec. 3028, R. S. 1909. (2) The second ground of the demurrer does not raise a constitutional ques-

tion: (a) Such question cannot be raised by demurrer. Sec. 1800, R. S. 1909; State v. Rich, 20 Mo. 393. (b) The allegation as to constitutional violation is too general, indefinite and uncertain to raise a constitutional question. Lohmeyer v. Cordage Co., 214 Mo. 688; Street v. School Dist., 221 Mo. 671; Ash v. Independence, 169 Mo. 78; 8 Cyc. 800, sec. 4—b, note 73. (3) Statutes are always presumed to be constitutional, and will be treated as such until the contrary is shown. State v. Thompson, 144 Mo. 314; Ex parte Renfro, 112 Mo. 591; State v. Watts, 111 Mo. 553; State v. Searcy, 111 Mo. 236; 8 Cyc. 801, note 74. (4) A county being a party to this suit, vests jurisdiction in this court. State ex rel. v. Dent, 121 Mo. 162; Corbin v. Adair County, 171 Mo. 385.

*John W. Booth* for respondent.

GRAVES, J.—This is an action to recover the penalty provided by statute for failure of defendant to make report to the Secretary of State as required by law. The cause comes to us from the circuit court of Franklin county. The petition or information reads:

"State of Missouri ex rel. Franklin County, Plaintiff, v. Tibbe Electric Company, Defendant.

"Plaintiff states that on the first day of June A. D. 1909, and from that date up to the present time, defendant was, and still is, a corporation duly organized and existing under and by virtue of the laws of the State of Missouri, and plaintiff states that at the times mentioned defendant was, and now is, a corporation whose stock is divided into shares, and that it was not a railroad, building and loan, or insurance corporation, nor a corporation exempted from taxation by the laws of the State of Missouri.

"Plaintiff complains of the defendant herein, and for causes of action states that defendant failed to report to the Secretary of State of the State of

Missouri on the first day of July A. D. 1909, or within sixty days thereafter, the location of its principal business office, the name of its president and secretary, the amount of its capital stock, both subscribed and paid up, the par value of its stock at the time of making said report, the cash value of all its personal property, and of all its real estate within this State, on the first day of June immediately preceding, and the amount of taxes, city, county and State paid by said defendant in this State for the year preceding the report.

"Wherefore plaintiff prays judgment against the defendant in the sum of one thousand dollars, and the costs of this action.

"W. L. Cole,

"Prosecuting Attorney within and for Franklin County, Missouri."

To the petition the defendant filed a demurrer in this language:

"Now comes the defendant in the above entitled cause and demurs to the petition of plaintiff filed in said cause, and for grounds, of said demurrer, said defendant assigns the following, to-wit:

"1st. That said petition does not state facts sufficient to constitute any cause of action.

"2nd. That the facts stated in said petition show that the said petition is founded solely on the provisions of sections 1013, 1015, 1016 and 1017, Revised Statutes 1899; and said defendant demurs to said petition upon the grounds that the provisions of said sections of said Revised Statutes are in violation of the Constitution of the State of Missouri, and therefore null and void, and therefore said petition does not state facts sufficient to constitute any cause of action."

This demurrer was sustained by the court, and the plaintiff refusing to plead further, judgment was entered up against the plaintiff, and the appeal here

is from such judgment. Sections 1013, 1015, 1016 and 1017, Revised Statutes 1899, are now sections 3026, 3028, 3029 and 3030, Revised Statutes 1909. We are interested now in the first and last of the four named sections. Section 3026 reads:

"Sec. 3026. Every incorporated company, other than railroad, building and loan and insurance companies, and such corporations as are exempted from taxation by the laws of this State, whose capital stock is divided into shares, shall, annually, on the first day of July, report to the Secretary of State the location of its principal business office, the name of its president and secretary, the amount of its capital stock, both subscribed and paid up, the par value of its stock and the actual value of its stock at the time of making said report, the cash value of all of its personal property and of all its real estate within this State on the first day of June immediately preceding, and the amount of taxes, city, county and State, paid by the corporation in this State for the year last preceding the report.

Section 3030, supra, reads:

"Section 3030. Every incorporation to which sections 3025 to 3034, inclusive, apply, failing, within sixty days from July the 1st in each year, to make the report herein provided for, shall be subject to a fine of not less than fifty nor more than one thousand dollars for each offense, and each succeeding thirty days of such failure shall constitute a separate offense and be subject to a like fine, which said fines shall be cumulative, and one action may be maintained to recover one or more such fines, to be recovered before any court of competent jurisdiction. No suit shall be maintained for any such offense unless brought within six months from September 1st of the year in which the report is due, which date shall be the time when such right of action accrues; and it is hereby made the duty of the Secretary of State, as soon as practicable

after the first day of September in each year, to report to the prosecuting attorney of the county in which any such delinquent corporation may be located, the fact of its failure to make the required report, and the prosecuting attorney shall, at the first court term after he receives the report from the Secretary of State, institute proceedings in the name of the State, at the relation of the county, to recover the fine or fines herein provided for, which shall be applied to the county revenue fund, except that for instituting and prosecuting said suits the prosecuting attorney shall receive as his compensation one-fourth of the penalty collected; and in case any such suit shall be taken to either of the Courts of Appeals or the Supreme Court, then the Attorney-General is hereby required to assist the prosecuting attorney, and the Attorney-General shall also be entitled to one-fourth of the amount recovered from the corporation violating the law. The Secretary of State shall, whenever a corporation makes its report after the time provided by law for the making of such report, certify that fact to the prosecuting attorney.''

This sufficiently outlines the case.

I. We are not favored with a brief by the respondent, and hence will have to take the points made by the demurrer as expressive of the views of its counsel. Going to the first point in the demurrer we have a general charge of insufficiency of the petition. The petition seems to cover the cause of action given by the statute and in the substantial language of the statute. The petition appears to have been copied from the one set out in State ex rel. v. Missouri Exploration & Land Co., 97 Mo. App. l. c. 228, except that it obviates the objection made to that petition in so far as the relator is concerned. In that case, the relator was the circuit attorney of the city of St. Louis, and GOODE, J., whilst sustaining the peti-

Pleading.

tion, under the peculiar facts of that case, suggested that the city was the proper relator there, and in the counties that the county was the proper relator. In the case at bar the county is the relator, thus conforming to the views of Judge GOODE. Under the ruling of Judge GOODE the petition in this case is good, and we are satisfied with his reasoning.

II. The second ground of the demurrer cannot be sustained because the defendant points to no provision of the Constitution which is violated by those sections of the statute. It has long been ruled that a finger must be placed upon the provision of the Constitution alleged to be violated, before the question is sufficiently raised to require notice. General allegations, as here found, will not do. [Lohmeyer v. Cordage Co., 214 Mo. 1. c. 688, and cases cited, and Street v. School District, 221 Mo. 1. c. 671, and cases cited therein.] But for the county being the real party interested we would have no jurisdiction of this case. There was therefore error upon the part of the trial court in sustaining this demurrer, and the judgment is reversed and the cause remanded. All concur.