## JOHN STROTHER v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Division Two, April 26, 1918.

1. **CONSTITUTIONAL QUESTION: Timely Raised: Opportunities.** A constitutional question should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of a given case. The rule is not to be so strictly construed as to be applied at every moment in the progress of a case, but, as to a defendant, there are three general stages, naturally separated from each other by orderly procedure, when the opportunity arises: first, in the pleadings; second, in the progress of the trial, when a ruling is demanded upon the admission or exclusion of evidence or the giving of instructions; and, third, in the motion for a new trial.

2. ——: **Action Based on Statute: Untimely Raised: Appellate Jurisdiction.** Where the cause of action was planted squarely upon the statutes of another State, which were pleaded verbatim, as any other fact to be proved in making out plaintiff's case, the attention of defendant to their constitutionality was challenged from the start, and their validity could have been raised either by demurrer or motion to strike out or answer, and if not raised by the one of these methods that was appropriate to the petition, but defendant waited until the statutes were offered in evidence and then for the first time raised the question that they were violative of the Constitution of the United States, the challenge came too late, and the constitutional question, in so far as being determinative of appellate jurisdiction, dropped out of the case.

3. ——: **When Statute Gives Cause of Action: Raised at Any Time.** The rule announced in McGrew v. Railroad, 230 Mo. 496, that where plaintiff's cause of action is based "upon a statute, the constitutionality and life of the statute are involved from start to finish" and the question of its validity may be raised at any stage of the proceeding, in either the trial or appellate court, cannot be so applied as to confer appellate jurisdiction on the Supreme Court on the sole ground that the petition fails to state a cause of action in that it is based on an unconstitutional statute. If the statute furnishes the cause of action and the petition pleads its violation as the ground of plaintiff's right to recover, the constitutional invalidity of that statute must be timely raised by defendant in the trial court, or it has not been so raised as to give the Supreme Court jurisdiction of the appeal on the sole ground that a constitutional question is involved.

4. **OBITER.** A statement or the announcement of a rule in an opinion is not *obiter* if it applies directly and distinctly to the facts of the case.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Thomas R. Morrow, George J. Mersereau, John H. Lathrop* and *J. D. M. Hamilton* for appellant.

(1)   The defendant having a perfect and complete defense under the laws of the State of Kansas, such defense is a vested property right and defendant cannot be deprived thereof by any court or other instrumentality of the State of Missouri without violating the Constitutions of the United States and of the State of Missouri.   (a)   The constitutional questions were properly and timely preserved and presented to the trial court.   Miller v. Connor, 250 Mo. 677; Canton v. McDaniel, 188 Mo. 207; Moliter v. Railroad, 180 Mo. App. 84; Ingwerson v. Railroad, 205 Mo. 328; Keele v. Railway, 258 Mo. 62.   (b)   A substantial constitutional question exists.   Pritchard v. Norton, 106 U. S. 124; Leete v. Bank, 141 Mo. 574; Railway v. Reed, 158 Ind. 87;   Bank v. City, 94 Minn. 246;   Paving Co. v. Ridge, 169 Mo. 376;   Lewis v. Railway, 220 Pa. St. 317; Hovey v. Elliott, 167 U. S. 409; Suess v. Ins. Co., 193 Mo. 564.   (c)   The constitutional prohibitions invoked refer to all the instrumentalities of the State, the legislative, executive and judicial authorities, and the violations of the Constitution are none the less such because produced by judicial authority.   Paving Co. v. Ridge, 169 Mo. 376; Suess v. Ins. Co., 193 Mo. 564; Railroad Co. v. Chicago, 166 U. S. 226; Scott v. McNeill, 154 U. S. 34; Virginia v. Reeves, 100 U. S. 313; Ex parte v. Virginia, 100 U. S. 339; Neal v. Taylor, 103 U. S. 370.   (2)   The error of the court in admitting in evidence over the objection of the defendant Sections

274 Sup.—18.

7116 and 7117 of the General Statutes of Kansas 1909, is further a basis for the jurisdiction of this court. Dreyer v. People, 58 N. E. (Ill.) 620; Downey v. Railway, 125 N. W. (N. D.) 475, 26 L. R. A. 1017.

*Beardsley & Beardsley* for respondent.

(1) This court has no jurisdiction of this appeal as no constitutional question is involved. McDonald v. R. & N. Co., 233 U. S. 665; Castillo v. McConnico, 168 U. S. 674. (2) The statutes of the State of Kansas determining the rate of speed at which live stock must move in intrastate shipments in that State are entirely valid and properly admitted in evidence. Railroad v. Cram, 228 U. S. 70; Railroad v. Kyle, 228 U. S. 85.

WHITE C.—The plaintiff recovered judgment in the sum of $1600 for the loss of his stallion which died while being shipped over the defendant's railroad, and the defendant appealed. The respondent challenges the jurisdiction of this court, and jurisdiction can be retained only if a constitutional question was properly and timely raised by the defendant in the trial court.

Plaintiff alleges that on the first day of March, 1912, he delivered to the defendant a stallion of which he was the owner, to be carried by the defendant from Abilene, Kansas, to Kiowa, Kansas.

The cause of action is based on Section 7116 and 7117 of the General Statutes of Kansas for 1909, and those sections are set out verbatim in the petition.

Section 7116 provides that all common carriers shall transport livestock received for transportation without delay at a rate of speed not less than an average of fifteen miles an hour, unless prevented by unavoidable accident.

Section 7117 provides that if the carrier refuses or fails to transport livestock at a rate of not less than fifteen miles an hour it shall be liable for all damages

sustained by any person on that account, and all other damages which are the approximate result of such failure, together with the cost of a suit if one is brought, and a reasonable attorney fee fixed by the court.

The petition then alleges that the defendant, in the shipment of said stallion, failed to comply with the pro-visions of said Sections 7116 and 7117 of the General Statutes of Kansas, and such failure was not due to unavoidable accident; that because of the unreasonable length of time lost in removing the said stallion from Abilene, Kansas, to Kiowa, Kansas, the said stallion contracted pneumonia and died soon after reaching Kiowa, Kansas; that said death was due to the careless-ness and negligence of the defendant, its employees and agents, in failing to move the said car from Abilene, Kansas, to Kiowa, Kansas, "within the time prescribed by the statute hereinbefore pleaded."

The petition does not allege any damage accrued to plaintiff by any failure to receive the horse promptly for shipment. Although the allegation is that it was first shipped from Beloit, Kansas, to Abilene, where there was unreasonable delay, it is alleged that the stallion was in perfect health at the time of its delivery to defendant at Abilene. The only act of negligence alleged was the failure of the defendant to transport the shipment after receiving it within the time pre-scribed by the statute.

The answer of the defendant sets up that at the time of the alleged offer of the said stallion for trans-portation from Abilene, Kansas, to Kiowa, Kansas, the defendant could not accept it for shipment for the rea-son that from the second day of March until the fourth day of March, 1912, it was impossible to move its freight trains on account of an unusual and unprece-dented snow blockade existing upon its line between Abilene, Kansas, and Kiowa, Kansas, and that as soon as its said line was open for traffic it did accept and transport the said stallion from Abilene to Kiowa. The answer then alleges that under the laws of the

State of Kansas, the order or ordinance of the Kansas Board of Railroad Commissioners, the published tariff rates of the defendant and the shipping contract, the value of the horse was limited to one hundred dollars.

The answer further says if there was any delay in the transportation, said delay was due entirely to unprecedented conditions; and *"that this defendant is not liable for such delay by reason of the provision as contained in Section 7116 of the State of Kansas as quoted on page 2 of defendant's amended petition."*

The answer is of great length and not only recognizes the statute upon which the suit is brought, but pleads facts which would avoid the effect of the statute. It is a confession and an avoidance.

The plaintiff in reply set up other statutes of Kansas and decisions of that State construing the various statutes.

The case proceeded to trial and plaintiff testified to the facts relating to the shipment and death of the horse as alleged in the petition, and defendant in cross-examination offered the shipping contract and produced a witness to show the rules of the Kansas Public Utilities Commission. The plaintiff produced several witnesses relating to the negligence of the defendant. The plaintiff then offered the statute of Kansas, Sections 7116 and 7117. At that point the defendant objected to the introduction of these sections of the Kansas Statutes on the ground that they are in violation of the Fourteenth Amendment to the Constitution of the United States.

At the close of the evidence instructions also were offered to the effect that these sections of the statute were unconstitutional.

I. In order to give this court jurisdiction of a case on the ground that a constitutional question arises in the case, "the constitutional question should be lodged in

Constitutional Question.     the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case.'' This rule has been repeated time and again until it should be considered no longer a matter of debate. The cases have been fairly consistent with slight differences in the application of the rule to the records presented. The earliest moment that good pleading and orderly procedure will admit may occur at almost any stage of the proceeding, from the filing of the answer to the filing of the motion for a new trial. Without construing this rule so strictly as to apply it to every moment of time in the progress of the case, it is obvious that there are three general stages in a proceeding, separated from each other in the very nature of the case by the regular steps of an orderly proceeding, during which questions of that character may be raised.

*First*: Opportunity might be presented to raise it in the pleadings, when the trial court could have time and deliberation to consider so important a question before the hurry and stress of the actual trial begins.

*Second*: It might arise for the first time in the progress of a trial, when a ruling of the court is demanded upon the introduction or exclusion of evidence, or the giving of instructions to the jury; or,

*Third*: It might occur after trial, when a motion for new trial is filed and presents the first opportunity.

The question here is, could the constitutional question have been raised by the pleadings, and if so was it too late to wait until the trial was in progress and then raise it for the first time on objection to the evidence?

The expressions of some of the numerous cases upon this point ought to settle it. The case of Lohmeyer v. Cordage Co., 214 Mo. 685, treated the subject at some length and that case has been quoted in many subsequent cases. The court there characterizes

the practice of waiting until late to raise a constitutional question in these words (p. 688):

"Whatever the use of an ambush in war, or games of chance, its use does not commend itself to jurisprudence."

And on page 689:

"A constitutional question might possibly obtrude itself at the trial regardless of the pleadings through some unanticipated ruling on the introduction of testimony."

And on pages 689 and 690:

"It must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstnces of the given case."

And further:

"If plaintiff grounds his right of action on a statute which defendant contends is unconstitutional it should be put in the answer and kept alive."

The case of Ash v. City of Independence, 169 Mo. 77, said at page 79:

"When, as in this case, the party seeking its protection was advised, *at the time of filing its answer,* of the statute which it asserts is unconstitutional, and that the rights of the opposite party would be predicated on such statute; it is his, or its, plain duty to *plead* the unconstitutionality of the statute and point out the specific provisions of the Federal or State Constitution or of both (if such is the case), which it will insist is infringed by such statute, or if the question arises for the *first time* during the trial by reason of a construction put upon a statute or proceeding by the trial court, the objection that such construction would violate a constitutional right . . . must be preserved on the record."

That case, after an appeal to the Kansas City Court of Appeals, had been remanded, and an amended answer was filed in which the constitutional question was raised, and it was held too late.

In Miller v. Connor, 250 Mo. 677, the court said l. c. 684: "So, a constitutional question must be raised timely in the course of orderly procedure. Accordingly it should be raised *in the pleadings* if due to be found there."

In the case of George v. Railroad, 249 Mo. l. c. 199, the court says:

"Now in this case it is conceded that the vital count of plaintiff's petition was based upon our statutes. With such concession it became the duty of the railway company to raise the question of unconstitutionality *in the answer*. This was not done."

In Deiner v. Sutermeister, 266 Mo. l. c. 514, in an action based upon the statute the court held that because its constitutionality was not raised until after the trial it could not be considered, and said:

"No reason is urged, or known to exist, why such allegation was not lodged *in the answer* of defendants. They recognized that this statute was being invoked by plaintiff, because, more than a year before the trial, they filed a motion to strike from plaintiff's petition the parts thereof which were bottomed upon this statute. Our practice is settled that ordinarily a constitutional question must be lodged in a case as soon as is procedurally possible after the statute, order, judgment, matter or thing alleged to be unconstitutional appears in the case."

In the case of Dubowsky v. Binggeli, 258 Mo. 197, l. c. 202, the court said of the constitutional question: "That defense could have been raised by demurrer or answer, and as it was not raised until the motion in arrest was filed, such issue was presented out of time and must be disregarded."

Dudley v. Railroad, 238 Mo. 184, is directly in point on the facts. It was an action brought by an infant who sued by her next friend. It was claimed that the statute authorizing the clerk to appoint the next friend was unconstitutional. The court said, l. c. 185: "At the September term, 1909, defendant filed its answer, but said nothing about the Constitution or

the statute." Then at the subsequent term on the trial of the cause after the evidence was in, the defendant asked leave to file an amended answer to conform to the proof, and in that amended answer for the first time challenged the validity of the statute. The court then said (p. 186): "Defendant knew it as well when it filed its first answer as it did after the close of the evidence." And further (p. 186): "This court has always held that when a constitutional question is relied on to give it jurisdiction the question should be raised in the trial court at the first opportunity presented. If it is not raised at the first opportunity it cannot be raised afterwards, although attempted in many forms." And further (p. 187): "It should have been presented in the *first answer* filed by defendant, and if it had been so presented the issue so tendered would have been tried by the court before the issues on the merits."

The case of Hanks v. Hanks, 218 Mo. 670, was an action for divorce. The defendant pleaded a judgment and decree rendered in the State of Iowa. The plaintiff then in reply alleged as unconstitutional a statute in Missouri as applied to judgments of the character pleaded in the answer. The court says, p. 675: "Be this as it may, we are firmly of the opinion that a constitutional question not only may, but should, appear in the reply, when that is the first time and place for it to be lodged, and that such a question is sufficiently lodged in the pleadings in this case to give this court jurisdiction."

In Milling Co. v. Blake, 242 Mo. 23, the court, after quoting from the Lohmeyer case the passage to the effect that the constitutional question should be lodged in the case at the earliest moment, says (p. 32): "Vandiver's answer to the interrogatories pleaded the statute. Plaintiff filed a written denial of that answer in order to make up the issue. That denial does not challenge the constitutionality of the law." The court then holds that raising the question for the first time in a motion for new trial is too late.

The cause of action in the case at bar is planted squarely upon the statutes of Kansas. These statutes are pleaded as any other fact to be proved in making out plaintiff's case. They challenged the attention of defendant from the start. The answer admits the statutes and pleads avoidance of them by pleading facts which would excuse the defendant from complying with them. If the petition counted alone upon the statute, the question could have been raised by demurrer or answer. If the petition had sufficient allegations to also state a cause of action at common law, which it had not, the question could have been raised by answer or by motion to strike out. Then was the time and opportunity for defendant to present its constitutional question, so that it might be considered with care by opposing counsel and determined with deliberation by the court. But the defendant waited until the trial was in progress and the statute was offered in evidence, and then for the first time raised the question. It was too late.

II. It is said that objection may be made to the sufficiency of a petition, where it does not state a cause of action, at any time. The case of McGrew v. Railroad, 230 Mo. 496, is cited. The opinion in that case says that where plaintiff's cause of action is based "upon a statute, the constitutionality and life of the statute are involved from the start to the finish. . . . Defendant has the right to object for the first time in the appellate court that the petition does not state a cause of action, and it matters not what the ground of objection may be, provided only that it be good and sufficient in law."

*When Statute Is Cause of Action.*

And that was applied by the court to a cause of action founded upon an unconstitutional statute. That case, with others, has stated that rule following several Federal decisions, but it will be noted that the question of the jurisdiction of this court on the ground that the statute upon which the suit was based was uncon-

stitutional, was not under consideration. The opinion *assumed* that this court had jurisdiction. No other case, in this State, so far as we are able to find, has decided that the sufficiency of the petition may be challenged on the ground that the suit is based upon an unconstitutional statute for the first time in the Supreme Court, so as to confer jurisdiction. The same proposition in a slightly different form is stated when it is said that: "Where a constitutional question is necessarily involved so that such case cannot be decided at all without deciding that point, then the question need not be expressly raised in the trial court." And, "Where a suit is based on a statute the constitutionality of the statute is involved from start to finish *whether such question is expressly raised or not.*"

If that proposition were applied to the principle we are discussing here and in cases like this, then it would abrogate more than one rule which has been laid down by this court to determine when it has jurisdiction on account of a constitutional question. It is directly contradictory to the rule that it must be raised at the earliest possible time orderly procedure will admit, and likewise to the rule that the constitutional question is not raised unless the particular and specific section of the Constitution is pointed out in the trial court. If that proposition were given general application every action based upon a statute would present a constitutional question which might be raised for the first time on appeal. The proposition, as so applied, is at variance with the rulings of this court in the following cases: State v. Cook, 217 Mo. 326; George v. Railroad, 249 Mo. 197; State ex rel. v. Tibbe Elec. Co., 250 Mo. 522; Miller v. Connor, 250 Mo. 677; Lohmeyer v. Cordage Co., 214 Mo. 685; Deiner v. Sutermeister, 266 Mo. 505; State v. Swift & Co., 270 Mo. 694.

A brief notice of the facts in some of these cases will show their incompatibility with the propositions stated:

The case of Deiner v. Sutermeister, 266 Mo. 505, was a suit for personal injuries by a servant against

his employer; injuries alleged to have been received by reason of the master's negligence. The specific acts of negligence in the petition were three: (a) common law negligence; (b) a failure to comply with Section 7843, Revised Statutes 1909; and, (c) a violation of an ordinance of Kansas City. Defendants moved to strike out the petition; on the motion being overruled, they filed an answer setting up a number of defenses. In neither the motion nor the answer was the constitutionality of this section mentioned, and the court held that the question could not be raised in the motion for arrest, and was not before this court for consideration. There, according to the contention made, the cause of action was to an extent based on the statute, and the constitutionality of this statute was "in the case all the time."

In the case of State v. Swift & Co., 270 Mo. 694, the defendant was found guilty of violating Section 651, Revised Statutes 1909. The constitutionality of that section of the statute was not properly raised in the trial court. This court held that it might have been raised by demurrer, but was not so raised, and this court could not take jurisdiction of the case. In that case the statute was "involved from start to finish," a challenge from the beginning to the end of the case, in the assumption that it was a valid statute and authorized conviction, and the court could not decide the case without holding or assuming the statute to be constitutional.

The Lohmeyer case, 214 Mo. 685, was an action for personal injuries by a servant against the master, based squarely on the Factory Act, Section 6433, Revised Statutes 1899. That statute was involved "from start to finish," and that was the case oft quoted from where it was held the constitutional question had to be raised timely and specifically.

The case of State ex rel. v. Tibbe Elec. Co., 250 Mo. 522, was based solely upon certain sections of the statute, which sections are pointed out in a demurrer to the petition. The demurrer states that the section of

the statute is unconstitutional, but fails to specifically point out the section of the Constitution which is violated. The court held that the constitutional question was not raised. These sections of the statute were in the case "from start to finish," and if the petition could be challenged on the ground that it did not state a cause of action because based on unconstitutional statutes, at any stage of the proceeding, in the appellate court as well as elsewhere, then this court would have retained jurisdiction.

The case of George v. Railroad, 249 Mo. 197, is an action for personal injuries based upon certain sections of the statute. These sections of the statute were in this case "from start to finish." It was held that because the constitutional question was not raised in the usual course of procedure in the trial court this court would not assume jurisdiction.

In the case of State v. Cook, 217 Mo. 326, the defendant was found guilty of violating a statute and appealed to this court. That statute and its validity were in the case from start to finish. The constitutionality of the statute was challenged for the first time in the motion for a new trial and the court held that it was not raised.

The above are only a few of the many cases which might be cited showing the uniform practice of this court where an action was based upon a statute and where the validity of that statute was before the court "from start to finish." In each of them the constitutionality of a statute was challenged and unless the statute was constitutional no cause of action was stated. This court did not assume jurisdiction in any of them unless the question was timely and properly raised as indicated.

A constitutional question might obtrude itself upon the judicial notice with such insistent demand for recognition that consideration of it could not be escaped. But that is not this case. This court refused to entertain such demand when presented in the recent case of State ex rel. Columbia Telephone Co. v. Public

Service Commission, 195 S. W. 741, and in the more recent case of City of Lancaster v. Wes Reed, 201 S. W. 95. The doctrine of the McGrew case cannot be applied where the question of jurisdiction is involved.

III. It is suggested that the statement in the several cases where the courts say the question must be raised at the earliest possible moment and in the answer if practicable, is *obiter* because in most of

**Obiter.**

those cases the question was not raised until after judgment. The statement is not *obiter* if it is applied to the facts. If the constitutional question could be raised in the pleading, and is raised for the first time in the motion for new trial, and the court says that it ought to have been raised at the earliest moment practicable in the orderly procedure and conduct of the case, and that time was when the opportunity was presented in filing the answer, then that statement is not *obiter*, but it applies directly and distinctly to the facts in that case.

The case should be transferred to the Kansas City Court of Appeals. It is so ordered. *Roy, C.,* dissents.

PER CURIAM.—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.