STATE, EX REL. ROBERT C. ADAMS, RELATOR, v. FRED W. COON ET AL., RESPONDENTS.*

Kansas City Court of Appeals. May 9, 1927.

---

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 786, n. 69; Equity, 21CJ, p. 219, n. 20; p. 221, n. 26.

*John I. Williamson* and *Darius A. Brown* for relator.

*Leslie J. Lyons, Henry M. Griffith* and *Burr R. Tarrant, Jr.* for respondents.

Mandamus.

ARNOLD, J.—This is an action in mandamus whereby relator seeks restoration to the position of official court reporter in Division 1 of the circuit court of Jackson county, Missouri, from which it is alleged he was unlawfully excluded. An alternative writ was issued herein on November 8, 1926, and relator seeks to have said writ made permanent. There is no disagreement as to the facts and this controversy lies in the application of the law to the facts. The admitted facts are as follows:

On November 7, 1922, Thomas B. Buckner was duly elected Judge of Division 1 of the circuit court of Jackson county, Missouri, for a term beginning January 1, 1923, and ending January 1, 1929. He was duly qualified and entered upon the duties of his office and continued therein until his death on July 6, 1925. On or about January 1, 1923, said Thomas B. Buckner, in his official capacity, duly and regularly appointed relator to the office of official court reporter for said Division 1 of the said circuit court. The appointment was duly and regularly entered upon the records of said court and relator took the oath of office and entered upon the duties thereof and continued to perform said duties and to receive the salary and emoluments thereof until July 16, 1925.

On or about July 15, 1925, Fred W. Coon was appointed and duly commissioned as judge of said Division No. 1 to fill the vacancy caused by the death of said Buckner and to serve as judge thereof until the next general election in November, 1926. After his appointment and prior to taking his oath of office, said Coon informed relator that he (Coon) intended to appoint another in the place and stead of relator as official court reporter of said Division No. 1; that on said July 16, 1925, immediately after the taking of the oath of office by said Coon, relator served or caused to be served upon said Coon a written notice in which relator claimed to be the legal holder of the said position of official court reporter for a term ending January 1, 1929, and protesting against the appointment of another in the place and stead of relator, demanding that said Coon recognize relator as the legal holder of said office, and that he be permitted to perform the duties and receive the salary and emoluments of the same for the term ending January 1, 1929.

It is agreed that the salary of said office, as provided by law, is. paid in the following manner: A certificate is made by the Judge of Division No. 1 of said circuit court, certifying that the person named therein is the legal holder of said office and entitled to the salary thereof; whereupon the county court causes a warrant to be drawn in favor of the person named in the certificate, payable out of the county treasury, which said warrant is presented to the county treasurer and paid.

Immediately after July 16, 1925, relator served upon each of the defendants Hayes, Stewart and Rummel, as judges of the county court, a written statement and notice informing them of the alleged unlawful action of said Coon, demanding that said defendants, as said county court, draw, issue and deliver to relator as the legal holder of said office a warrant in favor of relator for the salary of the same, as provided by law, and demanding that defendants, as the county court of Jackson county, Missouri, refuse to draw, issue or deliver to any person other than relator said warrant for said salary; that immediately after July 16, 1925, relator served or caused to be served upon defendant Fayman, county treasurer, a written statement and notice informing him of the said action of said Coon and demanding that he, as county treasurer, refuse to pay out of the county treasury when presented, any warrant drawn and issued in the name of any person other than relator; but notwithstanding said written notice of protest said Coon assumed to appoint another person in the stead of relator as such official court reporter, administering the oath of office to said appointee and thereafter recognizing such other person as the legal holder of said office by making certificate to the county court that such person is entitled to the salary of said office; and, during all the time since July 16, 1925, and prior to the filing of the petition herein, said Coon has excluded relator from physical possession of said office and has refused to permit relator to perform the duties and receive the salary and emoluments of the same by refusing to make certificate to that effect to the county court; that, notwithstanding the notice to the said county court, defendants Hayes, Stewart and Rummel, as said county court, have refused to draw warrants in favor of relator for the salary of said office and, instead, have drawn warrants in favor of a person other than relator for the payment of said salary; that Fayman, county treasurer, notwithstanding the notice to him, has refused to pay relator out of the county treasury, but has paid said salary to a person other than relator; that since said July 16, 1925, relator has received no part of said salary; that at the general election on November 2, 1926, A. Stanford Lyon was duly and regularly elected as judge of said Division No. 1 of the circuit court of Jackson county, to serve the re-

mainder of the term for which said Buckner was elected, to-wit, until January 1, 1929. That on November 22, 1926, said Lyon was duly qualified as judge of said division and court for the term expiring January 1, 1929; that on November 22, 1926, said Lyon temporarily appointed relator as official reporter of said division of said court for a period ending January 8, 1927. Defendant Lyon has adopted as his own the return heretofore made by defendant Coon.

The petition for the writ of mandamus embraced the facts above stated and a return by each of the respondents was duly filed thereto. Said petition states and relator insists that his appointment as said official court reporter was for a term beginning January 1, 1923, and ending January 1, 1929, being the full term for which Judge Buckner was elected, and that during said term he could not be deprived of the emoluments of his said office in any other manner than that prescribed by law. It is the contention of respondents that relator's term of office expired on the date of the death of Judge Buckner.

Relator relies upon the provisions of section 12668, Revised Statutes 1919, to support his contention. So far as applicable to this controversy, the section provides as follows:

"Such court reporter shall be a sworn officer of the court, and shall hold his office during the term for which the judge appointing him was elected."

The section then outlines the procedure by which the official court reporter may be removed by the filing of charges and a hearing thereon. Looking somewhat into the history of the legislation and decisions affecting the question here in issue, it is found that section 11231, Revised Statutes 1909, provided, as to the term of office of an official court reporter and stenographer, as follows:

". . . such stenographer shall hold his office until removed by an order of such judge, or by an order of such judgment appointing a successor. . . ."

And section 11244 provided: ". : . such stenographer shall be a sworn officer of the court and shall hold his office during the term of the judge appointing him."

In construing the sections last noted, in the case of State ex inf. v. McKay, 249 Mo. 249, 155 S. W. 396, 398, the Supreme Court (by a division of four to three) held the statute was ambiguous, and because of such ambiguity, should be construed to mean that the term of office of the official stenographer should be limited to the time of actual service of the appointing judge. However, three of the judges held the meaning of the section to be that the tenure should be for the term for which the appointing judge was elected. In the majority opinion (l. c. 255) this language appears:

"We come now to the statute itself. It says 'and shall hold his office during the term of the judge appointing him.' Does this mean that the stenographer goes out, when the judge making the appointment goes out, or does it mean that the stenographer holds for the term for which the appointing judge was elected? Judges of the circuit court are elected for a term of six years, and if the statute means that his appointment holds for that term, irrespective of the holding by the judge himself, the respondent has no standing here."

The decision in the McKay case was handed down April 8, 1913. The Legislature of 1919 (Laws 1919, p. 13) repealed sections 11231 and 11244, Revised Statutes 1909, and in lieu thereof enacted section 12668, Revised Statutes 1919, which provides that the official court reporter "shall hold his office during the term for which the judge appointing him was elected." It was evidently the purpose and intent of the Legislature to remove the ambiguity referred to in the McKay opinion, and to fix definitely the term of office of the official court reporter as to the term for which the judge appointing him was elected.

Respondents insist that because the certificate of Judge Buckner, of record, appointing relator provided that such appointment was "during the term of Thomas B. Buckner," relator's term expired with the death of Judge Buckner. But we think this position clearly untenable in the light of section 12668, Revised Statutes 1919. In State ex inf. v. Corcoran, 206 Mo. 1, 26, 103 S. W. 1044, the court say:

"Upon the proposition disclosed by the record, that the appointment of the respondent to the office of jury commissioner was limited by the terms of the appointment to the unexpired term of his predecessor, it is sufficient to say that there seems to be no dispute between the counsel for relator and respondent as to the proposition that if the length of service of the incumbent is fixed by law the appointment is for the full term, notwithstanding it purports to be for less. This proposition was expressly decided in Stadler v. Detroit, 13 Mich. 346, and Hale v. Bischoff, 53 Kan. 301." [See, also, Gracey v. St. Louis, 213 Mo. 384, 111 S. W. 1159.]

Under the statute and the decisions above cited, under which the term of office is permanently fixed, it follows that no appointment by Judge Buckner could have been made for any other than the full term for which the judge was elected, to-wit, six years.

Respondents urge that relator is estopped from bringing this action because of laches, that he waited nearly sixteen months after his removal and the appointment of another in his stead before bringing this action. We are not impressed with this view. The record discloses that relator at once took the precaution to notify all parties

concerned of the situation and registered a demand for the office and the emoluments thereof. Later, he instituted this action. In determining what will constitute unreasonable delay, we must have regard to the circumstances, the nature of the case and the relief sought, as well as to the question of whether the rights of the defendant, or of other persons, have been prejudiced by such delay. In the case of State ex rel. Prior v. Kansas City, 261 S. W. l. c. 114, it was held a delay of twenty months was considered no laches in a certain condemnation proceeding. We find in the case before us no situation which would justify the invoking of the doctrine of laches. Plaintiff's title and claim is a legal one, as distinguished from an equitable one. Laches, it has been held, is not mere delay but delay which works to the disadvantage of another. [O'Day v. Realty Co. (Mo.), 191 S. W. 41; Rollestone v. Bank (Mo.), 252 S. W. 394.]

Respondents argue that as another had been paid the salary attaching to the office in question, the county would be damaged to the extent of paying the salary twice. In the Gracey case, supra (l. c. 397), the Supreme Court disposes of this point as follows:

"Here plaintiff was not 'removed,' as that term is understood in the law. What was done was not legally done and therefore had no legal effect. Another was assigned his duties and that other was paid by the city. That was the city's affair, if it chose to take such course with its attending consequences. Plaintiff remained in office, and the point is controlled by the general proposition of law that his right to the salary during his term, until legally removed, was independent of his actual performance of any duties whatever."

Finally it is insisted that section 12668, Revised Statutes 1919, is unconstitutional and therefore void. We think respondents are in no position to raise a constitutional question at this stage of the case. No mention is made of the unconstitutionality of the statute in the return of respondents and the point is not mentioned except in respondents' brief. We think the point is raised too late. Where, as here, a law is plainly relied upon by the plaintiff and the defendant desires to challenge the constitutionality thereof, such challenge should be made at the earliest possible moment. [George v. Railroad, 249 Mo. 197, 155 S. W. 453; Lohmeyer v. Cordage Co., 214 Mo. 685, 113 S. W. 1108; State v. Buder (Mo.), 287 S. W. 307, 308.] In the last-named case the Supreme Court says:

"Questioning the constitutionality of an act of the Legislature is a matter of such grave importance that the objections should be advanced at the earliest practical moment, . . ."

For reasons above stated we hold relator was unlawfully ousted and is entitled to physical restoration to the office of official reporter of division No. 1 of the circuit court of Jackson county, Missouri, for the

remainder of his term, and the payment of the salary thereof from July 16, 1925, to the date of restoration, and the alternative writ heretofore issued should be made permanent. It is so ordered. *Bland, J.,* concurs; *Trimble, P..J.,* absent.

