MAY, *Administrator, et al.* v. JARVIS-CONKLIN MORT-GAGE TRUST COMPANY *et al., Appellants.*

Division One, April 3, 1897.

1. **Supreme Court: JURISDICTION.** When the want of jurisdiction of the Supreme Court appears upon the face of the record, the jurisdictional question will be considered by this court, even though it has not been raised by counsel.

2. ———: ———: AMOUNT IN DISPUTE. The amount in dispute does not depend upon the amount claimed, but upon the real amount in controversy.

3. ———: ———: ———. Where by his petition plaintiff admits borrowing $2,500 from defendant and executing to defendant a note and deed of trust therefor, but alleges that $600 of said sum was retained by defendant for the purpose of satisfying prior incumbrances, which sum was wrongfully appropriated by the defendant, and asks that the amount due be judicially ascertained and that upon payment thereof said note and deed of trust be canceled, to which, by way of answer, defendant files a general denial, the amount in dispute is only $600 and interest, and under Constitution 1875, section 12, article 6, section 5, of Amendment of 1884, the Supreme Court has no jurisdiction.

4. ———: ———: TITLE TO REAL ESTATE. Where the only issue made by the pleadings was as to whether or not $600 alleged to have been wrongfully appropriated by defendants should be deducted from a note, secured by a deed of trust held by defendants, the title to real property is not so involved that the Supreme Court will have jurisdiction.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Beardsley & Gregory* for appellants.

*Sheetz, Miller* and *Wait* for respondents.

MACFARLANE, J.—This suit is to enjoin the sale of real estate under a deed of trust.

In May, 1886, Thomas W. Foster borrowed from defendant, the Mutual Benefit Life Insurance Company, through the agency of Jarvis, Conklin & Company, the sum of $2,500, for which he executed his note and a deed of trust on two hundred and forty acres of land in Livingston county, to secure the same. The negotiation of the loan had been conducted through one J. C. Cross, of Chillicothe, Missouri. There were prior deeds of trust on this land, which both the lender and borrower intended should be paid out of the money borrowed. One of these mortgages was for the sum of $600. The money was sent to Cross, who advised the parties that the mortgages had been paid, but in fact he did not pay the $600 mortgage, but appropriated that amount to his own use.

The petition charges that Cross in receiving and disbursing the money was the agent of the lender, while defendants claim that he was the agent of Foster, the borrower. Plaintiffs, who are the administrator and heirs of Foster, insisted that their ancestor only received $1,900 of the money borrowed, and the note should be reduced to that amount, while defendants claimed the whole amount called for by the note. To prevent a sale by the sheriff, defendant Edward Taylor, acting as trustee, this suit was commenced.

The prayer of the petition is that the exact amount due defendants be ascertained, and that upon payment thereof by plaintiff, the injunction be made perpetual, the debt be canceled, and the deed of trust satisfied, and for general relief.

A temporary injunction was granted and afterwards the case was tried upon an answer of defendant, and a motion to dissolve. The trial resulted in a finding by the court that there was due defendant insurance company $1,900, and entered judgment foreclosing said deed of trust for that amount, and that plaintiffs pay the same in thirty days, and in default that the real estate be sold. "That subject to the foreclosure of said deed of trust and the sale of the premises aforesaid in accordance with the terms hereof said injunction heretofore issued be made perpetual. And if upon payment of said sum and interest by sale of property or otherwise, defendants refuse or neglect for thirty days to satisfy the record of said deed of trust, then this decree may be recorded in full satisfaction thereof."

Defendants appealed from the decree and the record of the proceedings are in this court for review.

The jurisdiction of the Supreme Court to review this case on appeal is not raised by counsel, yet the question is one that can not be ignored when the want of jurisdiction appears upon the face of the record.

Jurisdiction can only be asserted in this case, either because "the amount in dispute, exclusive of costs, exceeds the sum of two thousand, five hundred dollars;" or because the case involves the title to real estate. Constitution of Missouri, 1875, sec. 12, art. 6; sec. 5 of Amendment adopted in 1884.

To determine the "amount in dispute" we should look at the entire record. Jurisdiction does not depend upon the amount claimed, but upon the real amount in dispute. As has been said: "The amount in dispute, which brings a case within the jurisdiction of this court, is the real amount in controversy." *Kerr v. Simmons*, 82 Mo. 269; *Anchor Milling Co. v. Walsh*, 97 Mo. 287; *State ex rel. v. Court of Appeals*, 87 Mo.

Vol. 138 mo—29

570; *State ex rel. Lingenfelder v. Lewis*, 96 Mo. 146.

That the amount over which there is any controversy in this case is only $600 and a few years' interest thereon, clearly appears from the record.

Plaintiffs admit by their pleading that Thomas W. Foster borrowed from defendant, the insurance company, $2,500, and admit the execution of the note for that amount, but charge that said defendant retained $600 of the sum borrowed and undertook and agreed to apply it to the discharge of a deed of trust on the land of plaintiffs for that amount; that it neglected and refused to pay off and discharge said deed of trust, but retained and converted said money to its own use. They express a willingness and ability to pay all that remains due on the note. The prayer of the petition is that the amount due defendants be ascertained; that "upon payment thereof by plaintiff the said debt be canceled and that said deed of trust be canceled and satisfied of record" and that all proper relief be granted.

Defendants answered by a general denial. It thus appears conclusively from the pleadings that there was a controversy only over the sum of $600 and interest thereon. This was the only issue made and the only issue tried. The real amount in controversy is less than $2,500. The amount in dispute is insufficient to give this court jurisdiction.

Has this court jurisdiction upon the ground that the case involves title to real estate?

This question has given rise to much controversy, but the rule now seems to be well settled that the title to real estate is not involved within the meaning of the provision of the Constitution which gives the Supreme Court exclusive jurisdiction over "all cases involving the title to real estate" unless the result of the litigation may directly, without subsequent proceeding,

affect the title to real estate.    Whether it may do so is to be determined from the entire record.

Thus it is held that title to real estate is not involved in "that class of cases involving the enforcement of liens and tax bills and the foreclosure of mortgages, in which the sole object of the proceeding is to subject the admitted title of real estate to liens and demands and enforce them against it by process." *Baier v. Berberich*, 77 Mo. 416; *Barber Paving Company v. Hezel*, 138 Mo. *ante*, p. 228, and cases cited.

A suit to enjoin the sale of real estate under execution, upon the ground that such sale would cast a cloud upon the title of plaintiff, was held not to involve the title to real estate.    *State ex rel. v. Court of Appeals*, 67 Mo. 200.

A suit to determine which, of two claimants, is entitled to the money paid in condemnation of land for a street, in case the right of the city to the easement is not disputed, does not involve the title, though the question of title as between the claimants was the only issue tried.    *Hilton v. St. Louis*, 129 Mo. 391.    See, also, *Bobb v. Wolff*, 105 Mo. 52; *Bailey v. Winn*, 113 Mo. 155; *Lemmon v. Lincoln*, 130 Mo. 336; *McGregor v. Pollard*, 130 Mo. 332.

As has been seen, the only issue made by the pleadings and tried in this case was to determine whether plaintiffs were entitled to deduct from the note the amount of the deed of trust which they aver defendants undertook to pay.

The validity and force of the deed of trust is in no manner disputed or made an issue, nor is it in any manner affected by the judgment that was rendered.

The judgment only determines the amount due on the note.    It does not directly or indirectly affect the deed of trust or any other muniment of the title to the land.    A judgment foreclosing the deed of trust would

not directly affect the title or the force of the deed as security for the debt.

It is true, a prayer of the petition is, and the judgment in fact entered requires, that the note be canceled, and the deed of trust be satisfied after payment shall have been made of the amount found to be due on the note.   If the decree had unconditionally canceled the note or deed of trust on account of a proper tender of the amount due, a different question would be presented.   But this decree only does that which the law itself does without the aid of the court.   The payment of the debt discharges the lien of the mortgage, and the mortgagee is compelled under penalties, to enter satisfaction upon the record.   R. S. 1889, secs. 7094 and 7095.

All money judgments are liens upon the land of the debtor in the county and may be enforced by execution, but payment of the judgment discharges the lien.   A judgment foreclosing a mortgage creates no new lien upon the land, but payment of the debt, as ascertained by the judgment, satisfies the lien if made before a foreclosure sale.

We are of the opinion that the case as appears from the record does not involve the title to real estate, and this court has no jurisdiction of the appeal.   The case is therefore transferred to the Kansas City Court of Appeals.   All the judges of this division concur.