MARY LOHMEYER v. ST. LOUIS CORDAGE COMPANY, Appellant.

Division One, November 25, 1908.

1. **PLEADING: Factory Act: Public Act.** It is not necessary for plaintiff, in charging that plaintiff was negligent in not fencing the dangerous machinery at which she worked and while doing so lost her fingers, to specifically plead the statute (Sec. 6433, R. S. 1899) on which her case is based, as that is a public act.

2. **APPELLATE JURISDICTION: Raised at Any Stage.** Questions of jurisdiction as to the subject-matter may be raised at any stage of the case, in any court, by either court or counsel.

3. ————: **Constitutional Question: How Raised.** Objection to the introduction of any testimony on the ground that the petition does not state facts sufficient to constitute a cause of action; the asking and refusal of an instruction in the nature of a demurrer to the evidence at the close of plaintiff's case; and the asking and refusal of a peremptory instruction for defendant at the close of the whole case, do not, singly or collectively, so raise a constitutional question as to give the Supreme Court jurisdiction over the appeal.

4. ———: ———: **General Reference to the Constitution**, State or Federal, is not sufficient to raise a constitutional question. The appellant must call the court's attention to the specific provision of the Constitution impinged upon by its adverse ruling.

5. ———: ———: **Nine-Jury Law.** An attack in the instructions on the power of nine jurors to render a verdict in a civil case does not put into the case a constitutional question if the verdict was unanimous. Besides, the constitutionality of the nine-jury law has been settled.

6. ———: ———: **In Motion for New Trial.** As a general rule a constitutional question cannot be raised for the first time in the motion for a new trial. Where it can be raised in no other way that can be done. But it should always be raised at the earliest stage in the proceeding that good pleading and orderly procedure will admit of under the circumstances of the given case; otherwise, it will be considered waived. If plaintiff grounds his right of action on a statute which defendant contends is unconstitutional, he cannot raise the question in the motion for a new trial, but should put it in his answer and keep it alive.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Wm. H. & Davis Biggs* for appellant.

*Kinealy & Kinealy* for respondent.

LAMM, J.—Domiciled in St. Louis, defendant corporation makes and sells rope and twine. In its factory there is in use a machine for twisting hemp and forming rope, known as a "forming machine." Plaintiff, a young woman of twenty years, labored at the machine as an operator. It was an intricate contrivance set in an iron frame and consisting of gearing, cogwheels, pulleys, belting, etc., and was manipulated by a lever, regulating the power.

On the 13th day of February, 1902, her left hand was caught in the gearing and cogwheels and two of

her fingers were so crushed as to result in amputation. In a suit, grounded on the charge that defendant negligently left the gearing and cogwheels of that machine uncovered and unguarded, she had judgment for $1,500. That amount was held excessive, *nisi*, and she was forced to remit $500. From the new judgment of $1,000 defendant appeals.

The petition does not specifically plead section 6433, Revised Statutes 1899 of the Factory Act, but as that is a public act of which courts take judicial notice, it was not necessary. Her case, however, is confessedly based on that statute, for at common law an employer owed no duty to his employee to fence his machinery.

Defendant stood for its defense on (1) a general denial coupled with an admission or two not material to any question made, (2) an assumption of risk, and (3) contributory negligence.

To sustain the issues on her part, plaintiff put in proof tending to show the negligence complained of and tending to avoid the defenses of assumption of risk and contributory negligence. To sustain the issues on its part, defendant put in proof tending to show no negligence in the particulars charged, and tending to show an assumption of risk and contributory negligence. The case was put to the jury on instructions restricted to the foregoing issues, with the result indicated.

Questions of jurisdiction (at least of the subject-matter) may be raised at any stage of case in any court, by either court or counsel. [Cable v. Duke, 208 Mo. 1. c. 558.]

If we have jurisdiction, it is because a constitutional question was raised and is involved in the case. That question obtrudes itself and seeks an answer at the door of the case. To it, then, we address ourselves.

(a) Up to the stage of verdict and judgment, no constitutional question was raised. True, defendant

by counsel had objected to the introduction of any testimony on the ground the petition did not state facts sufficient to constitute a cause of action. True, counsel had asked and were denied an instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, and again were refused a peremptory instruction at the close of the whole case, yet these general challenges did not raise or involve a constitutional point according to recognized canons of procedure.

Whatever the use of an ambush in war, or games of chance, its use does not commend itself to jurisprudence. An appellant may not mask his position in that way and preserve under such cover his constitutional point. Nor would a general reference to the Constitution, State or Federal, do. He must come into the open and put his finger on the specific provision of the Constitution touched by the adverse ruling. [Excelsior Springs to use v. Ettenson, 188 Mo. 129, and cases cited; Davis v. Thompson, 209 Mo. 1. c. 196, *et seq.;* Independence to use v. Knoepker, 205 Mo. 1. c. 342, *et seq.,* and cases cited.]

(b) By a ground in the motion for a new trial, numbered 13 (said in chimney-corner philosophy to be unlucky), counsel under specifications *a, b, c, d, e* and *f,* raised a constitutional point in that nine jurors out of twelve could not constitutionally render a verdict. It seems the court had told the jury that might be done. But the verdict in this case was a unanimous one, and since the jury did not use the (alleged) unconstitutional privilege obligingly extended to them, no harm was done and that constitutional question is afield. Not only so, but there is nothing in the point to give us jurisdiction. That question is no longer open. [Gabbert v. Railroad, 171 Mo. 84; Chrismer v. Bell Tel. Co., 194 Mo. 1. c. 196; Nugent v. Armour Packing Co., 208 Mo. 1. c. 494.]

(c) By the 14th ground in the motion for a new

trial, it was alleged that section 6433, Revised Statutes 1899, *supra,* was unconstitutional because it was special legislation as denounced in sections 53-4, article 4 of our Constitution; because it deprived defendant of its rights as a citizen of the United States under section 1 of the 14th Amendment of the Federal Constitution; and because said statute and verdict deprived it of its property without due process of law guaranteed by said 14th Amendment.

If we have jurisdiction, then, it is because a constitutional question was raised and is involved in the 14th clause in the motion. Is there soundness in the point?

(1) A constitutional question might possibly obtrude itself at the trial regardless of the pleadings through some unanticipated ruling on the introduction of testimony when such question was squarely and with due precision made on objection and exception saved. If raised in that way in an appropriate case, and if the trial court had a chance to correct its error under an appropriate ground in the motion for a new trial, the point would be saved on appeal. So a constitutional question might be preserved on appeal in rare cases by a clause in the motion for a new trial when it did not appear elsewhere in the record. An example of that kind of a case would be where the court had given some instruction directly or by necessary implication for the first time involving the Constitution—for instance, permitting nine jurors out of twelve to render a verdict. [Logan v. Field, 192 Mo. l. c. 66.] In such case, or cases of a kindred nature, the first door open for a constitutional question to enter would be in the motion for a new trial. Appellant could raise it no sooner and nowhere else.

But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged

in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived. [Barber Asphalt Pav. Co. v. Ridge, 169 Mo. l. c. 387, *et seq.*]

If plaintiff grounds his right of action on a statute which defendant contends is unconstitutional it should be put in the answer and kept alive. If the defendant grounds an affirmative defense on a statute that plaintiff contends has a like vice, it would seem he should plead its unconstitutionality in the reply (though that has been questioned. Kirkwood v. Meramec Highlands Co., 160 Mo. 111). If proper to put it in instructions, it should be lodged there and the ruling of the court invoked. Unless one or the other of those courses is pursued, life enough is kept in no such question to give this court jurisdiction on appeal except in one instance, *viz.*: where on the whole case some provision of the Constitution was either directly or by inexorable implication involved in the rendition of the judgment and decided against appellant. The foregoing propositions are within the letter and reasoning of a line of cases. [Woody v. Railroad, 173 Mo. l. c. 550; Hulett v. Railroad, 145 Mo. 35; Shell v. Railroad, 202 Mo. l. c. 344; State *ex rel.* v. Bland, 186 Mo. 691; State *ex rel.* v. Smith, 141 Mo. 1; State *ex rel.* v. Smith, 177 Mo. 69; State *ex rel.* v. Smith, 152 Mo. 444; Suess v. Ins. Co., 193 Mo. l. c. 570; Clark v. Porter, 162 Mo. 516; Ash v. Independence, 169 Mo. 77.]

The premises considered, we are of opinion that, as appellant neglected to inject its constitutional question in its answer and in its instructions, it neglected its opportunity and should be held to a waiver.

(2) This ruling is softened to us by the commendable frankness of industrious counsel who learnedly discuss other assignments of error but decline to

discuss their constitutional point or cite us to any authority maintaining their position. They justify themselves in this significant omission under the doctrine announced in Lore v. American Mfg. Co., 160 Mo. l. c. 622, where we said: "The constitutionality of such laws is no longer in doubt. Laws like this, created for the safety of those whose necessity compels them to submit to hazards which they would otherwise be unwilling to assume, have been sustained in all the States of the Union, such as provisions for fire escapes, inspection of boilers, ventilation of mines, and for covering and otherwise protecting machinery. [Durant v. Lexington Coal Min. Co., 97 Mo. 62; People *ex rel.* v. Warden City Prison, 144 N. Y. 529; People v. Smith, 108 Mich. 531.]"

Other cases sustaining the constitutionality of factory laws, under the exercise of the police power of the State, are cited by learned counsel for plaintiff in their brief.

In cases involving the jurisdiction of this court we have sedulously retained to ourselves the right to look within the shell of briefs, pleadings and records to the kernel of the thing, to see if the jurisdictional question is of substance and not merely colorable (Vanderberg v. Gas Co., 199 Mo. 455, and cases cited); for to give life to a jurisdictional question it must be real, not colorable only.

Doing so, we find there is no constitutional question raised and preserved. This holding ousts us of jurisdiction.

The cause must be transferred to the St. Louis Court of Appeals. It is so ordered. All concur.