THOMAS E. BURNS v. PRUDENTIAL INSURANCE COMPANY OF AMERICA and JAMES P. NEWELL, Public Administrator in Charge of Estate of PATRICK KEARNEY, Appellants.

Division Two, December 8, 1922.

1. **JURISDICTION: Consent of Parties.** Jurisdiction of the subject-matter cannot be conferred by silence or consent; and so where the judgment rendered was for only $295.20 and neither appellant nor respondent has challenged the right of the Supreme Court to decide the case, the court will of its own motion examine the record and determine therefrom whether, by reason of alleged

Burns v. Prudential Insurance Co.

constitutional questions attempted to be raised by appellant, it has acquired appellate jurisdiction.

2. ———: **Constitutional Question.** If a party desires the Supreme Court to decide that the judgment violates certain provisions of the Constitution he must raise his constitutional question at the earliest practicable opportunity during the progress of the trial and keep the same alive throughout the trial; otherwise, it will not be considered on appeal.

3. ———: ———: **Not Raised by Pleading.** A defendant should raise a constitutional question by answer or demurrer if plaintiff is precluded by some constitutional provision from recovering on his cause of action, and if it is not so raised, even though it exists, he cannot afterwards raise it in such a way as to confer jurisdiction of his appeal upon the Supreme Court.

4. ———: ———: **By Objection to Evidence.** An objection that to permit plaintiff to maintain this suit would be to deprive defendant of its property without due process of law and to deny him the equal protection of the law, made for the first time when a witness for plaintiff is testifying, in a suit wherein defendant has admitted by its amended answer that it owes the amount of money sued for but denies that it owes it to plaintiff, the only issue being whether under the insurance contract sued on plaintiff or some other person can maintain the action, is not raising the constitutional question at the first opportunity, and is not such a timely raising of it as to give the Supreme Court jurisdiction of an appeal from a judgment in plaintiff's favor, particularly so where defendant, by a previous answer, prayed that plaintiff and others be compelled to interplead for the fund, and that prayer being denied, defendant filed an amended answer in which it admitted that it owed the amount sued for, but denied every other allegation in the petition.

Appeal from St. Louis City Circuit Court.—*Hon. Granville Hogan*, Judge.

Transferred to St. Louis Court of Appeals.

*Jones, Hocker, Sullivan & Angert* and *Fordyce, Holliday & White* for appellants; *Alfred Hurrell* and *James H. Guest* of counsel.

(1) The guaranty of due process of law and the equal protection of the laws given by the Constitutions

of the United States and the State of Missouri, applies to the acts of the judicial department of the government as well as other departments, and a judgment in favor of plaintiff which is not supported by appellant's petition and evidence violates these guaranties. 12 C. J. 1233; In re Peck, 167 N. Y. 391, 53 L. R. A. 888.   (2) The denial to one litigant of· a remedy which is available to others in the same circumstances constitutes a discrimination prohibited by the constitutional guaranty of the protection of the laws and is forbidden.   12 C. J. 1183, sec. 942, note 39; In re Flukes, 157 Mo. 125, 51 L. R. A. 176; 12 C. J. 1144, sec. 878, notes 2 and 3; Louisville Ry. Co. v. Bosworth, 230 Fed. 207.   (3)   The rulings and judgment of the trial court were at variance with the petition and evidence introduced by plaintiff, for:   (a)   The policy alleged in the petition and offered in evidence by plaintiff was expressly payable only to the executors or administrators of the insured, and, notwithstanding the facility of payment clause, plaintiff was not entitled to sue or recover thereon. Manning v. Prudential Ins. Co., 202 Mo. App. 124.   (b) Payment of premiums by plaintiff, loans of money by him to insured, furnishing of proofs of death by him to the company, did not vest in him any interest in the policy upon which he could recover against the insured. Manning v. Prudential Ins. Co., supra.   (4)   Appellant's bill of interpleader, the averments of which stand admitted by the demurrer, contained all the essentials necessary to entitle it to a decree of interpleader, permitting it to pay the fund in suit into court for the benefit of whichever of the adverse claimants was entitled thereto, and thereafter to stand discharged.   4 Pomeroy's Eq. Jur. (3 Ed.) sec. 1322; Smith v. Grand Lodge, 124 Mo. App. 202; Supreme Council v. Palmer, 107 Mo. App. 157; McGinn v. Bank, 178 Mo. App. 347.

*H. C. Whitehill* for respondent.

(1)   The right of appeal is wholly statutory.   It may be exercised only by "any party to a suit aggrieved

by any judgment," who "may take an appeal . . . from any final judgment in the case," so that an unnecessary party to a full determination of the controversy as made by the pleadings is not a party aggrieved within the meaning of the statute and cannot appeal. R. S. 1919, sec. 1469; Tobin v. Bell Tel. Co., 199 S. W. 952; In re Campbell's Estate, 279 Mo. 343. (2) The administrator of the estate of Patrick Kearney, the insured under the policy, was never at any time a party to the action. As he was in no wise affected by the judgment rendered in the action between the plaintiff and the insurance company, his administrator could not be aggrieved by the verdict and judgment. The most that could be said for him is that he was an interloper attempting to engraft himself upon a cause of action which was distinctly between two other parties with whom he had no privity. Tobin v. Bell Tel. Co., 199 S. W. 952; In re Campbell's Estate, 279 Mo. 343. (3) In order to sustain an interplea the same identical thing, fund or subject must be claimed by two or more persons, and if the person owing the money is under obligations to pay any one of them or has placed itself under obligation or liability to either claimant, the interplea will not lie. Novinger Bank v. Union Trust Co., 196 Mo. App. 335; U. Rys. Co. v. O'Connor, 153 Mo. App. 128; Love v. Hartford Ins. Co., 153 Mo. App. 144; Smith v. Grand Lodge, 124 Mo. App. 181; Met. Ins. Co. v. Brown, 186 S. W. 1155. (4) It has long been held a rule of law in this State that an assignment of a policy of insurance is good where the assignee is a creditor of the insured. Tripp v. Jordan, 177 Mo. App. 339; Locke v. Bowman, 168 Mo. App. 121; Wilkinson v Met. Ins. Co., 64 Mo. App. 172; Andrews v. Ins. Co., 168 Mo. 166; Jones v. Prudential Ins. Co., 173 Mo. App. 1.

RAILEY, C.—On January 12, 1918, plaintiff, Thomas E. Burns, filed in the Circuit Court of the City of St. Louis a suit against the defendant Prudential In-

surance Company, on a policy of insurance issued and delivered to Pat Kearney in his lifetime. The case was tried on an amended petition filed September 18, 1918, which, among other recitals, contained the following:

"SECOND. *Facility of Payment.*—The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Plaintiff alleged that when said policy was executed, said Patrick Kearney was over fifteen years of age, to-wit, over the age of forty-five years; that he (plaintiff) paid the premiums due on said policy and complied with the terms and conditions mentioned therein; that shortly after said policy was delivered to said Kearney, the latter, for a valuable consideration, with the approval and consent of said insurance company, delivered said policy and premium-receipt book to this plaintiff, who agreed to pay the premiums thereon as they became due; that at the above mentioned date said insured was greatly indebted to plaintiff; that he assigned and delivered said policy to respondent in order to pay said indebtedness, and plaintiff was to advance to him such small amounts of money as insured might desire; that defendant's agent, with knowledge of such assignment, called upon and received from plaintiff the premiums due on said policy for about eight years; that the amounts so paid were in excess of the amount of the face of said policy. It is further averred that insured

died at St. Louis, Missouri, about August 23, 1917, and that within a reasonable time thereafter, at the request of defendant, and prior to the appointment of an administrator of Kearney's estate, respondent gave proper notice and proofs of death of insured; that said defendant then and there agreed to pay plaintiff the face of said policy in a few days after he made such proofs; that demand of payment has been made and defendant refused to pay said plaintiff, etc. It is alleged that the policy was not filed as an exhibit, because the same had been delivered to defendant in making said proofs and had not been returned to plaintiff; that the refusal of defendant to pay said sum mentioned in said policy, to-wit, $126, is vexatious. The petition asked judgement for said sum of $126, with ten per cent for vexatious delay, for reasonable attorneys' fees, and costs.

The first amended answer and interplea of defendant admits that it is a corporation organized under the laws of New Jersey and authorized to do business in Missouri; that on July 8, 1901, it issued and delivered the policy of insurance in question for $126 to said Patrick Kearney, whereby defendant agreed to pay, on receipt of satisfactory proof of insured's death, on surrender of the policy and premium-receipt books, the sum of $126 to the insured's executor or administrator or to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured for his or her burial or, if the insured be more than fifteen years of age at the date of said policy, for any other purpose; that thereafter, said policy having been lost or destroyed, defendant, on or about the 19th day of April, 1909, issued its duplicate-form policy numbered 15321502 in lieu thereof, subject to the same terms and conditions as the original policy.

Said answer alleges that Patrick Kearney died on August 23, 1917, in St. Louis, Missouri, while said policy

was in full force and effect for the amount aforesaid, which becomes due and payable under the terms and conditions of said policy; that on October 2, 1917, plaintiff furnished proofs of said Kearney's death to defendant and made claim to the proceeds of said policy and, for grounds of said claim, alleged that he was the owner of said policy and premium-receipt book and that said policy had been assigned to him by the insured to secure an indebtedness greater than the amount of said policy.

It is further alleged in said answer that on October 19, 1917, Peter Kearney made claim to the proceeds of said policy on the theory that he was the nephew of insured and had paid the expenses of his burial; that on November 16, 1917, Frank M. Slater, Public Administrator of the City of St. Louis, took charge of the estate of said Patrick Kearney, deceased, and made claim to the proceeds of said policy, as such administrator; that James P. Newell succeeded said Slater as public administrator of said city, took charge of the estate of said Patrick Kearney, and is now in charge of same.

It is further alleged that said claimants have denied the allegations made by each other, and that each claimant has notified defendant not to pay said money to any other claimant. It is alleged that defendant has no information as to the truth or falsity of said conflicting claims; that it is a mere stakeholder, is not interested in the controversy between said parties; that it has incurred no liability to either of said claimants personally and "that it has been ready and willing to pay said policy but cannot do so with safety to itself on account of the conflicting claims of the aforesaid claimants."

Said answer and interplea then concludes by asking the court for an order making said claimants, Peter Kearney and James P. Newell, public administrator as aforesaid, parties defendant herein; that defendant be

authorized to pay the clerk of the circuit court said $126, and that each of the claimants aforesaid be required to plead for said fund, etc., and that, upon said order and deposit being made, defendant, by order of said court, be discharged, etc.

On November 23, 1918, plaintiff filed a demurrer to said first amended answer and interplea, alleging therein that said pleading failed to state facts sufficient to constitute an interplea, etc. On December 23rd, said demurrer was sustained. An exception to said ruling was saved by a term bill of exceptions.

Thereafter, on February 5, 1919, said defendant filed its second amended answer, which reads as follows:

"Comes now the defendant and files its second amended answer to plaintiff's first amended petition filed herein and, for such answer, defendant admits that it is a corporation organized under the laws of the State of New Jersey and engaged in the business of life insurance in the State of Missouri under license, and,

"Defendant further admits that on or about the eighth day of July, 1901, it issued its certain policy of insurance numbered 15321502 upon the life of one Patrick Kearney, in the sum of one hundred and twenty-six dollars, said policy being payable upon the terms and conditions in said policy set out; that on or about the 23rd day of August, 1917, said Patrick Kearney, the insured, died, and thereafter plaintiff furnished proofs of the death of said Patrick Kearney to defendant and made claim to the proceeds of said policy, and for further answer the defendant denies each and every allegation in said first amended petition contained and set forth.

"Wherefore, having fully answered, defendant prays to be hence dismissed with its costs."

It appears from the record that on May 7, 1919, said James P. Newell, as public administrator aforesaid, and in charge as such of Patrick Kearney's estate, asked leave to file an answer and interplea in said cause, which

was overruled by said court on account of said application having been made on the day said cause was set for trial.

On May 8, 1919, said cause was tried before a jury, and the latter returned a verdict in favor of plaintiff, itemized as follows:

"Amount due under policy .............. $126.00
"Interest ............................. 12.90
"Damages ............................. 6.30
"Attorney's fees .................... 150.00

"Total ........................... $295.20"

Judgment was entered in due form on said verdict.

Defendant filed its motion for a new trial, which was overruled, and an appeal was allowed said defendant and James P. Newell, as public administrator aforesaid, to this court.

The evidence, and such other matters as may be deemed important will be referred to in the opinion.

I. The judgment recovered herein was for $295.20 and costs. The case has been appealed to this court on the ground that certain provisions of the Federal Constitution and the Constitution of Missouri, have been violated, to the prejudice of defendant. None of the parties to the action have challenged the right of this court to pass upon the case, but as jurisdiction to try the same cannot be conferred by silence or consent, it becomes our duty to examine the record and determine therefrom whether we have acquired jurisdiction to dispose of the case, on account of the alleged constitutional questions attempted to be raised herein. [May v. Mortgage Trust Co., 138 Mo. l. c. 449, 40 S. W. 122; Railroad v. Schweitzer, 246 Mo. 122, 151 S. W. 128; Dubowsky v. Binggeli, 258 Mo. 197, 200, 167 S. W. 999; Rollins v. Acc. Assn., 213 S. W. (Mo.) 52-3; Stough v. E. L. & P. Co., 217 S. W. (Mo.) l. c. 518; Moving Co. v. O'Brien, 234 S. W. (Mo.) l. c. 812; Rice v. White, 239 S. W. (Mo.) 145.]

*Appellate Jurisdiction.*

II.  If this court has jurisdiction of the cause on appeal, it must be on account of the alleged constitutional questions presented in the record.

**Constitutional Question: Not Raised by Pleading.**  In Lavelle v. Met. Life Ins. Co., 231 S. W. l. c. 617, we said: "It is the well-established law of this State that a litigant must raise his constitutional question, if he desires this court to consider same on appeal, at the earliest practical opportunity during the progress of the trial below, and to keep the same alive throughout the case."

To the same effect are the following cases:  Mike Berniger Moving Co. v. O'Brien, 234 S. W. (Mo.) l. c. 812; Chapman v. Adams, 230 S. W. (Mo.) l. c. 81; Huckshold v. Rys. Co., 226 S. W. (Mo.) 852-3; Bealmer v. Hartford Fire Ins. Co., 220 S. W. (Mo.) 954; McManus v. Burrows, 217 S. W. (Mo.) l. c. 513-4; Republic Rubber Co. v. Adams, 213 S. W. (Mo.) l. c. 81; Meredith v. Claycomb, 212 S. W. (Mo.) 861; State ex rel. Jones v. Howe Scales Co., 277 Mo. 213, 210 S. W. 9-10; Strother v. Railroad, 274 Mo. l. c. 276, 203 S. W. 207; Littlefield v. Littlefield, 272 Mo. l. c. 166, 197 S. W. 1057; Garey v. Jackson, 184 S. W. (Mo.) l. c. 983; Stegall v. Chem. Co., 263 Mo. l. c. 722-3, 173 S. W. 674; Miller v. Connor, 250 Mo. 677, 157 S. W. 81; George v. Railroad, 249 Mo. l. c. 199, 155 S. W. 453; Hartzler v. Met. St. Ry. Co., 218 Mo. 562, 117 S. W. 1124; Lohmeyer v. Cordage Co., 214 Mo. 685, 113 S. W. 1108.  Numerous other decisions of this court are in line with the foregoing.

The record proper in this case consists of plaintiff's amended petition, defendant's second amended answer, and the judgment.  Both of said pleadings are heretofore set out in our statement.  Some of the abandoned pleadings are in the case, by reason of their having been introduced in evidence and incorporated in a bill of exceptions.  Plaintiff's amended petition, supra, set out all the facts relied on by plaintiff as a ground of recovery.  It contained that clause of the policy relating

to "Facility of Payment." If plaintiff was attempting to violate any of defendant's rights under either the Federal or State Constitution it was by virtue of the allegations in said petition. If defendant was in possession of any constitutional questions, which it desired to have presented to the court, it could have raised the same by demurrer to plaintiff's amended petition. (Secs. 1226, 1230, R. S. 1919). Instead of pursuing the above course, the defendant filed its first amended answer and interplea, heretofore set out; practically admitted nearly all the facts stated in plaintiff's amended petition; asserted that it was a mere stakeholder; asked leave to pay the money into court, and for an order making Peter Kearney and James P. Newell, public administrator, parties defendant, in order to litigate with plaintiff the title to said fund. No constitutional question was even suggested in the above answer and interplea. Plaintiff's demurrer to said answer was sustained, and thereupon defendant filed the second amended answer heretofore set out, on which the case was tried, and put in issue plaintiff's right of recovery, but made no mention therein of any constitutional right which it desired to assert. So far as the record discloses, no constitutional question of any kind or character was ever mentioned until plaintiff commenced offering his testimony on the merits before the jury. We hold, under the foregoing authorities, that even if a proper and legitimate constitutional question actually existed, the defendant, in order to confer jurisdiction on this court, should have asserted the same in a proper manner before the case was called for trial.

III. During the progress of the trial while evidence was being offered before the jury in behalf of plaintiff under the allegations of his amended petition aforesaid, defendant presented its constitutional questions by way of objections to certain testimony offered by plaintiff, as follows:

Objection to Evidence.

"That under the terms and conditions of the policy it is payable to the administrator or executor of the insured; that the witness in this case is not qualified to maintain the suit under the policy because he does not come within the class of persons—under the facility clause—as designated in said policy. He is not the executor or administrator of the estate of the insured. Furthermore, this witness (plaintiff) had no insurable interest in the life of said Patrick Kearney, the insured; and furthermore, he is not any relative, either by connection of blood or marriage, and, by allowing this witness to testify and maintain this suit, would be depriving this defendant of its equal protection of the laws, and deprive this defendant of its property without due process of law, contrary to the Fourteenth Amendment of the Constitution of the United States, and also contrary to the Constitution of the State of Missouri and decisions of our courts."

The foregoing objections were overruled, and exceptions saved. Defendant's motion for a new trial covered substantially the same matters relating to the alleged constitutional questions.. In other words, defendant's constitutional points, when reduced to their last analysis, are based on the action of the trial court in permitting plaintiff to maintain his action and recover a verdict before the jury. If a constitutional question can be injected into a case like the foregoing, in order to confer jurisdiction on this court, then every case can be so presented as to reach that end, regardless of the questions involved or the amount of recovery sought. In other words, suppose the defendant had alleged in its answer, that if a recovery should be allowed plaintiff, under the allegations of his petition, it would deprive defendant of its property in violation of the Fourteenth Amendment, and the Constitution of Missouri, would this confer jurisdiction on the Supreme Court on appeal, if a judgment should be rendered in favor of plaintiff? On the other hand, could a plain-

tiff confer jurisdiction on this tribunal, by alleging in his reply to the new matter contained in defendant's answer, that if a recovery in behalf of defendant should be allowed, it would deprive plaintiff of his property without due process of law, and in violation of the Fourteenth Amendment and Constitution of Missouri? The mere statement of foregoing propositions is sufficient to disclose their absurdity. If jurisdiction could be conferred as above indicated, it would simply leave the Courts of Appeals to try such cases as suited the convenience of litigants and their counsel. The law contemplates that where a bona-fide constitutional question is timely raised, in the trial court, kept alive, and properly presented here, we will give the matter due consideration, but counsel for litigants should understand that we will not entertain jurisdiction over a cause under the circumstances presented in this case.

We are of the opinion that no valid constitutional question is presented by the record in this cause, and that we are without jurisdiction to determine the same. The conclusion which we have reached in respect to the above matter is based upon sound common-sense, and is strongly supported by many able opinions of this court, some of which are as follows: Lavelle v. Met. Life Ins. Co., 231 S. W. (Mo.) l. c. 618; Staggs v. Gotham Mining & Milling Co., 228 S. W. (Mo.) l. c. 462; Huckshold v. U. Rys. Co., 285 Mo. 497, 226 S. W. 852-3; State v. Kramer, 222 S. W. (Mo.) l. c. 823-4; Bealmer v. Hartford Ins. Co., 220 S. W. (Mo.) l. c. 957; McManus v. Burrows, 217 S. W. (Mo.) 513-4; Garey v. Jackson, 184 S. W. (Mo.) l. c. 983; Strother v. Railroad, 274 Mo. 272, 203 S. W. 207; Stegall v. Pigment & Chem. Co., 263 Mo. 719, 173 S. W. 674; Miller v. Connor, 250 Mo. l. c. 683-4-5, 157 S. W. 81; Canning & Packing Co. v. Evans, 238 Mo. 603-4-5, 142 S. W. 319; Sublette v. Railroad, 198 Mo. 192-3, 95 S. W. 430.

In Garey v. Jackson, 184 S. W. l. c. 983-4, we disposed of a similar question as follows:

Burns v. Prudential Insurance Co.

"It thus appears that appellant's real contention is based upon the refusal of the trial court to direct a verdict in behalf of his client. The constitutional provision is injected into the case in order to get it into this court for the purpose of having the ruling of the trial court reviewed on the demurrer to the evidence. So far as the jury is concerned, the defendant has been deprived of no right which existed at the common law. It is perfectly manifest that in proceedings at the common law, the trial judge is liable to err in construing either the petition or the evidence adduced at the trial. The same is true under the practice which prevails in this State. Numerous cases find their way to the appellate courts where complaint is made in respect to the ruling of the trial judge. In some instances, cases are brought here on the ground that the trial judge invades the province of the jury in directing a verdict in behalf of defendant. On the other hand, many cases appear before this and other appellate courts, based upon the idea that the trial judge has ignored the duty devolving upon him, and submitting the case to the jury without any substantial evidence warranting a recovery.

"The law-making power, in its wisdom, has established tribunals to sit in review upon errors, if any, which have been committed in respect to these matters. The amount of the verdict in this case is less than $7500. If the defendant has suffered any injustice on account of the failure of the trial court to direct a verdict in his behalf, it can be corrected by the Court of Appeals when the case reaches it for consideration.

"We accordingly sustain respondent's motion to transfer this cause to the St. Louis Court of Appeals for its determination."

IV. Appellants, in their brief, insist that the trial court violated the constitutional rights of defendant, in denying to it the right to interplead as set out

Waiver.

in its *first amended answer and interplea*. No constitutional question in respect to this matter was raised or presented during the progress of the trial below, nor is there anything in defendant's motion for a new trial relating to this subject. Under the authorities heretofore cited, the defendant is too late in presenting the above matter here, for the first time, *even if it contained any merit*. Aside, however, from the foregoing, after the trial court sustained plaintiff's demurrer to defendant's *first amended answer and interplea,* it did not stand on said pleading, but *abandoned* the same, by filing the *second amended answer* heretofore set out, and thereby *waived* its right to be heard here, on the constitutional question aforeesaid. [Mugan v. Wheeler, 241 Mo. 1. c. 381; Forrister v. Sullivan, 231 Mo. 345; Railroad v. Bank, 212 Mo. 1. c. 517; Walker v. Railroad, 193 Mo. 1. c. 472-3; Farish Co. v. Brown-Evans Mfg. Co., 230 S. W. (Mo. App.) 1. c. 366 and cases cited; McCormick v. Warman, 216 S. W. (Mo. App.) 330-1; Sutermeister v. Sutermeister, 209 S. W. 1. c. 957; Meux v. Haller, 179 Mo. App. 466.]

The first amended answer and interplea were offered in evidence by plaintiff as admissions against defendant, and were incorporated in a bill of exceptions. No constitutional question could therefore be predicated on the action of the trial court in sustaining plaintiff's demurrer to said answer and interplea, as it afterwards filed, and went to trial, on the second amended answer.

V. As no valid constitutional question is presented by the record herein, and as the amount in controversy exclusive of costs is only $295.20, this court is without jurisdiction to pass upon the case. We accordingly certify the same to the St. Louis Court of Appeals for its determination. *White* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.