ALANDA NEMOURS and DR. PAUL R. NEMOURS, Appellants, v. CITY OF CLAYTON, a Municipal Corporation, ALFRED H. KERTH, Mayor of the City of Clayton, CHARLES J. TACKE, Chief of Police of the City of Clayton, and JOHN L. LYNES, Street Commissioner of the City of Clayton.—No. 38459.—172 S. W. (2d) 937.

Division Two, July 6, 1943.

*Keil & Keil* and *Frank Coffman* for appellants.

318

*Glen Mohler* for respondents.

BOHLING, C.—Our jurisdiction of this appeal is questioned. Plaintiffs' original brief asserts jurisdiction here on the ground the amount in dispute exceeds $7,500. After attack by defendants, plaintiffs' reply brief adds the ground the cause involves a constitutional issue. Mo. Const. Art. 6, Sec. 12.

The appeal is from a judgment denying plaintiffs' injunctive and other equitable relief against the city of Clayton, a city of the fourth class, and its municipal officers in the maintenance and operation of automatic traffic signals on Glen Ridge avenue; the dividing of Glen Ridge avenue into traffic lanes and marking the same; the placing of no-parking warning signs on said avenue and marking the curbs thereon; the enforcement of ordinance provisions insofar as they undertake to regulate traffic on Glen Ridge avenue, and for the removal of said traffic signals, pads, wires, conduits and markings.

Glen Ridge avenue is a privately owned north and south way or street extending from Clayton road, on the south, to Wydown boulevard, on the north, within "Moorland Addition," a restricted residential area in the city of Clayton. Glen Ridge is open at each end and is used by the public generally with the exception that during every year the ends are closed alternately for a period of two weeks. The ordinance provisions here involved (briefly) make it unlawful to park a vehicle in a place where parking is prohibited; direct the street commissioner to place standard traffic signs prohibiting the stopping, standing or parking of a vehicle, among other places, on each side of Glen Ridge up to a point 115 feet north of Clayton road; also prohibiting the stopping, standing or parking within 50 feet of an intersection where traffic is controlled by a traffic signal; and define a street or highway so as to embrace all ways or places "open for vehicular traffic by the public, regardless of its legal status and regardless of whether it has been legally established by constituted authority or by user for the statutory period of time as a public highway."

Plaintiffs do not seek monetary relief; but we find in the body of their bill the charge "that the value of the relief sought and the damages which will result to plaintiffs" if relief be refused "is difficult to estimate but that it is more than $15,000." The instant case differs from plaintiffs' cited cases of Aufderheide v. Polar Wave I. & F. Co., 319 Mo. 337, 356(II), 370(I, II), 383(3, 4), 4 S. W. 2d 776, 783, 793, 801; and Rombauer v. Compton Heights Christian Church, 328 Mo. 1, 40 S. W. 2d 545, 550[1], cases wherein the records disclosed real disputes involving more than $7,500. The real amount in dispute determines appellate jurisdiction. Limited appellate jurisdiction should not be controlled by fictitious amounts. We look to the whole record for the affirmative showing of the real amount in dispute, as well as for other appellate jurisdictional issues. For instance, interest may not be added to an open account prior to demand to vest appellate jurisdiction here. Wolff v. Mathews, 98 Mo. 246, 247, 11 S. W. 563. See also Vandenberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 456, 97 S. W. 908, 909; May v. Jarvis-Conklin Mtg. Trs. Co., 138 Mo. 447, 449, 40 S. W. 122; Higgins v. Smith (Banc), 346 Mo. 1044, 14 S. W. 2d 149; Esmar v. Haeussler, 341 Mo. 33, 34[1], 106 S. W. 2d 412[1, 2]; General Theatrical Enterprises, Inc. v. Lyris (Mo.), 121 S. W. 2d 139, 140[2-4]. Plaintiffs had the burden on this issue of appellate jurisdiction. They sought relief from damages alleged to be occasioned by traffic regulations and signals governing traffic on Glen Ridge avenue, a privately owned way, and not damages occasioned by traffic on Glen Ridge avenue or on Clayton road. There was testimony that plaintiffs' residential property cost $20,000 (estimated) in 1935. Another witness estimated the present value of the property between $10,000 and $12,500. His testimony, which was the only testimony on the issue, was that the traffic on Clayton road

had diminished the value of plaintiffs' property and that the Glen Ridge traffic occasioned no additional burden. The original cost or present value of plaintiffs' property is not the amount in dispute. The property is not being taken. With the only evidence on the issue establishing that the diminished value of plaintiffs' property—the damages—is the result of traffic on Clayton road, it is at least speculative to say that the traffic regulations and signals affecting Glen Ridge avenue damage plaintiffs $7500. The legitimate inference from this record is that the damages, if any, to plaintiffs resulting from traffic regulations and signals is less than $7500.

█ Several reasons may be advanced for disallowing plaintiffs' contention that a [939] constitutional issue is involved in an appellate jurisdictional sense. They say a constitutional issue was presented in their reply. None was presented in their bill. Among other things, defendants' answer specifically alleged that the ordinance provisions involved were enacted under the police power delegated to it. This plea denied plaintiffs' charges of unlawfulness and want of authority in law in plaintiffs' bill. The material portion of plaintiffs' reply read: ''That if the statutes of Missouri [specific statutory provisions are nowhere designated in the pleadings], under which the defendants claim the right of defendant city of Clayton to pass and enforce the ordinances complained of in the petition, as well as said ordinances themselves, bear the construction claimed by defendants (which plaintiffs emphatically, expressly and specifically deny), then said statutes and ordinances are unconstitutional, and contravene · the decisions of the State of Missouri, in that they violate'' state and federal constitutional provisions if so construed.

Plaintiffs' reply attacks an alleged possible unconstitutional construction of the statutes or ordinance provisions. This involves a construction of the statutes or ordinance provisions and not a ''construction of the constitution of the United States or of this state.'' Courts of appeals have ample authority to construe statutes and ordinances. The tendered issue, if otherwise timely and properly presented, does not raise a constitutional issue in an appellate jurisdictional sense. Nickell v. Kansas City, St. L. & C. Rd. Co., 326 Mo. 338, 341(II), 32 S. W. 2d 79, 81[4, 5]; Curtin v. Zerbst ·Pharmacal Co., 333 Mo. 346, 348[1], 62 S. W. 2d 771, 772[2]; Detmer, Bruner & Mason v. New York Cent. R. Co. (Mo.), 72 S. W. 2d 984, 985[1].

█ Cases are to the effect that constitutional issues should be presented at the earliest opportunity. We have said that if a plaintiff desires to challenge the constitutionality of an ordinance set out, he should do so in his petition or bill. Plaintiffs' bill set out the material provisions of the ordinances. Mike Berniger Moving Co. v. O'Brien (Mo.), 234 S. W. 807, 812[2]; Burns v. Prudential Ins. Co., 295 Mo. 680, 689(II, III), 247 S. W. 159, 161[2-4].

Dictum in plaintiffs' cited cases of Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 690, 113 S. W. 1108, 1110(1); Massey-Harris Harv. Co. v. Federal Reserve Bk., 340 Mo. 1133, 1138[1], 104 S. W. 2d 385, 387[1, 2], to the effect that a reply may urge the unconstitutionality of a statute pleaded as an affirmative defense in an answer is not applicable here. Plaintiffs' brief invokes the purported constitutional issues to win their cause on the merits and not to defeat an affirmative defense interposed by the defendants. The presentation of an issue seeking a recovery on the merits for the first time in a reply is not proper pleadings. Not having presented a constitutional issue in their bill, plaintiffs should not be permitted to adopt as a new basis for relief on the merits the constitutional issue first pleaded in their reply. To hold otherwise, by analogy, would extend beyond permitting a plaintiff, whose petition charged defendant with merely primary negligence, to recover under a humanitarian rule first pleaded in plaintiff's reply to a defendant's answer alleging the affirmative defense of contributory negligence. We have considered the latter improper. Daniel v. Pryor (Mo.), 227 S. W. 102, 105[5].

Our Rule 15 requires an appellant's brief to distinctly allege the errors committed and to contain "(1) A concise statement of the grounds on which the jurisdiction of this court is invoked . . ." These requirements refer to the original brief, not the reply brief. A statement first presented in a reply brief that we have jurisdiction because of a constitutional issue is not in compliance with the spirit of our Rule. Cases to the effect that a point first mentioned in a reply brief will not be considered appear applicable here. Consult West Digest, Appeal & Error, Key No. 762.

We might have disposed of the merits with less effort. The cause is transferred to the St. Louis Court of Appeals. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.