**SECURITIES ACCEPTANCE CORPORA-
TION, Plaintiff-Respondent,**

v.

**Leonard L. HILL, Defendant-Appellant.**

No. 47078.

Supreme Court of Missouri,

Division No. 1.

July 15, 1959.

Casemore, Berman & DeLeve, Gene A.
DeLeve, Kansas City, for plaintiff-respond-
ent.

Blackford, Imes, Compton & Brown, Roy
W. Brown, Haskell Imes, Kansas City, for
defendant-appellant.

HOLMAN, Commissioner.

Defendant has appealed from a judgment
for plaintiff in the sum of $603.21. His
basic contention is that he was unlawfully
deprived of a trial by jury in this cause.
A determination of that contention will in-
volve paragraph 4 of Rule 2 of the rules
of the Circuit Court of Jackson County,
which reads as follows: "Any party desir-
ing a trial by jury of an appeal from the
magistrate court shall file a written re-
quest for a jury trial and deposit the sum
of $15.00 with the circuit clerk within thirty
days after the filing of the transcript on
appeal. Failure to do so shall be a waiver
of a trial by jury and the case shall be as-
signed to the jury-waived docket."

We will first consider the question of our
appellate jurisdiction. The sole basis for
the contention that appellate jurisdiction is
in this court is stated by defendant in his
jurisdictional statement as follows: "The
denial of said trial [by jury] violates the
defendant's rights under Article I, Section
22(a) of the Constitution of the State of
Missouri [V.A.M.S.], which provides, 'The
right to trial by jury as heretofore en-
joyed shall remain inviolate.' Since the de-
fendant was denied a jury as provided by
the constitution, jurisdiction is in the Su-
preme Court of Missouri."

In order to properly understand the questions presented we will briefly state the procedure followed in this case. The suit (upon a promissory note) was originally filed in the magistrate court where a judgment was entered for plaintiff in the sum of $603.21 on May 25, 1956. On May 28, defendant appealed to the Circuit Court of Jackson County and on the following day the transcript was filed in the office of the circuit clerk of that county. On July 3, 1956, plaintiff listed the cause as a jury-waived case. On July 6, defendant filed a written request for a jury trial and deposited $15 with the clerk. No order appears in the record concerning that request, but on the face of the instrument is written in ink, "O.K., HAR," which defendant contends indicates that the request was approved by Honorable Henry A. Riederer, presiding judge of that court.

On January 3, 1958, the cause was assigned to Division 5. On January 13, 1958, the cause came on for trial in said division, at which time plaintiff's counsel called the attention of the court to Rule 2 of the rules of the Circuit Court of Jackson County (heretofore set out) and took the position that the parties had waived a jury under the provisions of said rule, and moved that the case be transferred from the trial docket for jury cases to the docket for jury-waived cases, pursuant to said rule. The court sustained plaintiff's motion and announced that the case would proceed to trial without a jury. Thereupon, defendant filed an application for change of venue, which was sustained, and the cause was transferred to Division No. 3. On January 15, 1958, defendant filed a "Motion to Transfer Cause from the Contested Docket to Jury Trial Docket." That motion, after setting out the procedure followed in the case up to that point, alleged as follows: "7. That said failure to file with the circuit clerk a $15.00 deposit as required by Rule 2 of the rules of the Circuit Court of Jackson County, Missouri, was an oversight on the part of the defendant's attorney, and will in no way prejudice the rights of the plaintiff, but to deny the defendant his right to a jury trial will be prejudicial to defendant's rights." Said motion was overruled by the court on January 17, 1958.

Thereafter, the defendant filed a petition for writ of prohibition in the supreme court which petition was denied on March 10, 1958. On June 12, 1958, the cause came on for trial and the defendant at that time filed a "Demand for Jury Trial" in which he contended that he was entitled to a jury trial pursuant to §§ 10 and 22(a) of Article I of the Constitution of Missouri, and that he had not waived his right to a jury trial under the provisions of Section 510.190 RSMo 1949, V.A.M.S. Said demand was overruled.

The case then proceeded to trial and the defendant not only refused to participate in the trial but he and his counsel left the courtroom and were not present during the trial of the case. As heretofore indicated, the court entered a judgment for plaintiff. Defendant filed a motion for new trial in which he complained of the denial of his constitutional right to trial by jury. The motion was overruled and defendant has duly appealed to this court.

As heretofore indicated, our appellate jurisdiction of this case is wholly dependent upon the presence of a constitutional question, properly and timely raised, "involving the construction of the Constitution of * * * this state * * *." Article V, § 3, Constitution of Missouri 1945, V.A.M.S. We have concluded that we do not have jurisdiction of this appeal because the constitutional question briefed was not timely raised in the trial court.

It has long been considered as settled law that "in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived." Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108, 1110. For various sit-

uations in which said rule has been applied, see Appeal of Mac Sales Co., Mo.Sup., 256 S.W.2d 783, Nemours v. City of Clayton, 351 Mo. 317, 172 S.W.2d 937, McGrath v. Meyers, 341 Mo. 412, 107 S.W.2d 792, and State ex rel. Kirks v. Allen, Mo.Sup., 250 S.W.2d 348. See also 21 C.J.S. Courts § 404, p. 655 et seq., and cases cited therein.

An opportunity was afforded defendant for presentation of the instant constitutional question on January 13, 1958, when plaintiff called the court's attention to Rule 2 and moved that the case be transferred to the jury-waived docket. It does not appear that defendant did so. Failing in that opportunity he certainly should have included that contention in his formal motion to transfer the cause to the jury trial docket, which was filed on January 15, 1958, after the cause had been transferred to another division of the circuit court upon defendant's application for a change of venue. That motion (overruled January 17, 1958) contained no reference to any constitutional question. Raising the question six months later in his "Demand for Jury Trial," after he had failed to obtain relief upon other grounds, was certainly not a presentation of the question at the first opportunity occurring in the due course of orderly procedure.

Since the constitutional question herein was not timely raised in the trial court, it will be considered as waived and there remains no basis upon which to invoke the appellate jurisdiction of this court. It follows that the case must be transferred to the Kansas City Court of Appeals.

It is so ordered.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.