**RECORD NEWSPAPER COMPANY,**
Appellant,

v.

**INDUSTRIAL COMMISSION of Missouri, DIVISION OF EMPLOYMENT SECURITY, and Mid-West Records, Inc., Respondents.**

No. 48016.

Supreme Court of Missouri,

Division No. 2.

Nov. 21, 1960.

Clifford B. Smith, Kansas City, for appellant.

George Schwartz, Jefferson City, for respondent Division of Employment Security.

Lloyd G. Poole, Jefferson City, for respondent Industrial Commission.

EAGER, Judge.

This appeal is from orders dismissing a Petition for Judicial Review of a decision

of the Industrial Commission, Division of Employment Security. The dismissal was for lack of jurisdiction. The question sought to be reached on the merits was whether appellant, Record Newspaper Company, was entitled to stand in the position of its predecessor, Mid-West Records, Inc., with reference to all or a portion of the latter's benefit account and experience. We state this merely by way of explanation, for we are not concerned with the merits here. Our primary question concerns our jurisdiction on this appeal. The Petition for Review was filed in the Circuit Court of Jackson County "pursuant to Section 288.210, V.A.M.S. 1949," (and the 1951 amendment thereof), on October 14, 1959. The re-enactment in 1951 (1957 Cum.Supp.) made no change whatever in the provisions with which we are concerned. On October 21, 1959, the Industrial Commission filed its motion to dismiss the Petition for Judicial Review for the reason that the court was without jurisdiction in that the matter was not one "involving a claimant" and was therefore required to be filed in the Circuit Court of Cole County. We pause here to quote the applicable portion of § 288.210 (1957 Cum.Supp.), as follows: "Within ten days after a decision of the commission has become final, the director or any other party aggrieved thereby may secure judicial review thereof by commencing an action in the circuit court or court of common pleas of the county of claimant's residence or in respect to those matters not involving a claimant or involving a claimant who is not a resident of this state, the circuit court of Cole county, * * *." The motion was sustained, and the Petition for Review was dismissed as to both defendants in separate orders. In one of these the court noted that it had no jurisdiction of the subject matter. The Petitioner has appealed to this court.

▪▪▪ Petitioner has invoked our jurisdiction on the ground that constructions of the Constitutions of the United States and of Missouri are involved,—primarily the equal protection clause of the former

(Amendment 14) and the "equal rights" clause of the latter (Article I, Section 2, Constitution 1945, V.A.M.S.). Other sections will be mentioned later. It insists that when § 288.210 provided a local forum for review by claimants, and required others to come to Cole County, it deprived such others of "equal protection" and effected a discrimination. On the oral argument here we asked when and how this question was first raised. We were told that it was argued orally in the trial court in opposition to the motion to dismiss, and that suggestions were furnished. There can be no doubt whatever that in order to preserve a constitutional question for review it must be raised at the first available opportunity, the sections claimed to have been violated must be specified, the facts showing such violation must be stated, and the point must thereafter be preserved at every stage. City of St. Louis v. Butler Co., Banc, 358 Mo. 1221, 219 S.W.2d 372, 380; State ex rel. Kirks v. Allen, Mo., 250 S.W.2d 348; Cirese v. Spitcaufsky, Mo., 259 S.W.2d 836; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669; Ingle v. City of Fulton, Mo., 260 S.W.2d 666. There are possible instances where such a question might be properly and specifically raised for the first time on objections to the admission of evidence or on motion for new trial (Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108, 1110; Ivey v. Ayers, Mo., 301 S.W.2d 790), but this must be done at "the earliest moment that good pleading and orderly procedure will admit * * *." Lohmeyer, supra. The strictness of the doctrine is well illustrated in the recent case of Securities Acceptance Corp. v. Hill, Mo., 326 S.W.2d 65. The difficulty here is that this constitutional question does not affirmatively appear anywhere in our transcript. We do not doubt the statement that a constitutional question or questions were argued in the trial court. But the very specific requirements of our rule are not fulfilled by such a statement, though conceded. Also, the question could have been raised in the Petition for Review

itself if Petitioner wished to insist on the right (allegedly under Chapter 536 governing Administrative Procedure, RSMo 1949, V.A.M.S.)[1] to file the suit in Jackson County; it could have been raised in a specific motion to strike the motion to dismiss or in some form of objection thereto, made either orally or in writing, and preserved in the transcript. At the least it could have been made a matter of record in the orders of dismissal. We find that the point has not been sufficiently raised and preserved. We note also that the Petition for Review was expressly filed "pursuant to § 288.210 * * *," which, of course, is at war with the idea of attacking the constitutionality of that very section.

 It is also urged that the trial court erred in failing to transfer the case to the Circuit Court of Cole County under Article V, Section 11, Constitution of Missouri, 1945, which provides that: "In all proceedings reviewable on appeal by the supreme court or a court of appeals, appeals shall go direct to the court having jurisdiction thereof, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction thereof." In substance, Petitioner says that since the case was filed in the Circuit Court as a review proceeding or an appeal from the determination of an administrative body, that court was sitting as a "court of appeals," and might transfer the case to the proper "court of appeals." Following up this argument, counsel say that this question also involves a construction of our Constitution, and that it affords a ground of jurisdiction here. What we have already said concerning the failure to raise and preserve the first constitutional point applies also to this point. It has not been adequately raised or preserved in our record so as to present itself affirmatively here, even if it could be said to be more than a "colorable" point.

Finally, in urging the existence of a constitutional question, Petitioner says that we have the power of our own motion to transfer the case to the proper Circuit Court under Article V, Section 4 of our Constitution, which provides that "The supreme court, courts of appeals, and circuit courts shall have a general superintending control over all inferior courts * * *." This contention does seek a construction of that section, but the difficulty is that this appeal is strictly a review proceeding and this point was not, and could not well have been, presented to the trial court. We may not, therefore, review it here. This is not an original proceeding in which we are asked to exercise an independent jurisdiction.

We conclude that no constitutional point is presented here and that we have no jurisdiction of the appeal. The case is therefore transferred to the Kansas City Court of Appeals.

All concur.

---

1. All statutory references will be to that revision unless otherwise stated.